FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
THOMAS E. LOESER (SBN 202724)
tloeser@cpmlegal.com
NABILAH A. HOSSAIN (SBN 329689)
nhossain@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
ANDREW W. BRITTON (SBN 340052)
abritton@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

STEPHEN B. MURRAY, JR. (*pro hac vice*)
smurrayjr@murray-lawfirm.com
ARTHUR M. MURRAY (*pro hac vice*)
amurray@murray-lawfirm.com
JESSICA W. HAYES (*pro hac vice*)
jhayes@murray-lawfirm.com
THOMAS M. BEH (*pro hac vice*)
tbeh@murray-lawfirm.com
**MURRAY LAW FIRM**
Hancock Whitney Center
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 525-8100
Fax: (504) 584-5249

JACK W. WEAVER (SBN 278469)
jack@weltyweaver.com
RACHAEL M. MACHE (SBN 318461)
rachael@weltyweaver.com
**WELTY, WEAVER & CURRIE, P.C.**
3554 Round Barn Boulevard, Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
Fax: (707) 473-9778

WILLIAM H. HEDDEN (SBN 88608)
adjustbill@aol.com
1838 15th Street
San Francisco, CA 94103
Telephone: (415) 850-0042

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| MELISSA PITKIN and DAN GROUT, on behalf of themselves and all others similarly situated, <br><br>     Plaintiffs, <br><br>     v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation, <br><br>     Defendant. | Case No. 3:23-cv-00924-WHO <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CERTIFY CLASS, APPOINT CLASS REPRESENTATIVES, AND APPOINT CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Judge:   Hon. William H. Orrick |

# TABLE OF CONTENTS

PAGE NO.

I.    INTRODUCTION ............................................................................................. 3

II.   FACTUAL BACKGROUND ........................................................................... 4

    A.    Insurance Code § 2051 and California Law Prohibits the Depreciation of Sales Tax in Calculating ACV Benefits Under Policies ....................................... 4

    B.    State Farm's Uniform Policy is to Depreciate Sale Tax in Calculating ACV ................................................................................................ 5

    C.    State Farm's Depreciated Sales Tax in Calculating ACV for Plaintiff's Personal Property .................................................................................... 7

III.  THE PROPOSED CLASS REPRESENTATIVES ......................................... 7

IV.   ARGUMENT ................................................................................................... 8

    A.    Legal Standard and Proposed Class Definition ........................................... 8

    B.    This Case Meets the Requirements of Rule 23(a) ....................................... 9

        1.    The Proposed Class is Sufficiently Numerous ................................. 9

        2.    Plaintiffs' Have Claims Typical of the Proposed Class ................... 9

        3.    Common Issues of Law and Fact Predominate Plaintiffs' Claims ............... 10

        4.    Plaintiffs and their Counsel Are Adequate ..................................... 11

            a.    Plaintiffs Are Adequate Representatives ............................ 11

            b.    Plaintiffs' Counsel Are Adequate ...................................... 12

    C.    The Proposed Class Meets the Requirements of Rule 23(b)(3) ............................ 12

        1.    Common Questions of Law and Fact Predominate ...................................... 13

        2.    A Class Action Is Superior to Other Available Methods for the Efficient Adjudication of This Case ........................................................... 13

V.    CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

PAGE NO.

**Cases**

*Alcantar v. Hobart Servs.*,
    800 F.3d 1047 (9th Cir. 2015) ................................................................. 10

*California Fair Plan Assn. v. Garnes*,
    11 Cal. App. 5th 1276 (2017), *as modified on denial of reh'g* (June 14, 2017)
    (*Garnes*) ........................................................................................ 4, 5

*In re Cooper Cos. Sec. Litig.*,
    254 F.R.D. 628 (C.D. Cal. 2009) ................................................................ 9

*E. Tex. Motor Freight Sys. v. Rodriguez*,
    431 U.S. 395 (1977) ................................................................................. 9

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) .................................................................. 11

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) ............................................................................... 11

*Hatamian v. Advanced Micro Devices, Inc.*,
    No. 14-CV-00226 YGR, 2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) ................................ 9

*In re HiEnergy Techs., Inc. Sec. Litig.*,
    2006 WL 2780058 (C.D. Cal. Sept. 26, 2006) .................................................... 9

*Johnson v. Hartford Cas. Ins. Co.*,
    No. 15-CV-04138-WHO, 2017 WL 2224828 (N.D. Cal. May 22, 2017) ....................... *passim*

*Kirkwood v. State Automobile*,
    193 Cal. App. 4th 49 (2011) ...................................................................... 4

*Maison D'Artiste v. Am. Int'l Grp., Inc.*,
    2020 WL 4037219 (C.D. Cal. Jan. 23, 2020) ...................................................... 5

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ..................................................................... 8

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ................................................................. 9, 10

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ............................................................... 8, 13

Plaintiffs' Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel;
Case No. 3:23-cv-00924-WHO

ii

**Statutes**

California Insurance Code (the "Insurance Code")........................................................................... 4

California Insurance Code § 2051 ............................................................................................... *passim*

California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*) ....................... 9

1        **NOTICE OF MOTION AND MOTION TO CERTIFY CLASS, APPOINT CLASS**

2        **REPRESENTATIVES, AND APPOINT CLASS COUNSEL**

3   **TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD**

4        PLEASE TAKE NOTICE that on March 12, 2025. At 2:00 p.m., before the Honorable

5   William H. Orrick, United States District Judge, at the United States District Court, Northern

6   District of California, Courtroom 2 – 17th Floor, 450 Golden Gate Avenue, San Francisco,

7   California, 94102, Plaintiffs Melissa Pitkin and Dan Grout ("Plaintiffs") will bring this Motion

8   pursuant to Federal Rule of Civil Procedure 23 for class certification, appointment of class

9   representatives and appointment of class counsel.

10        This Motion is based on this Notice of Motion and Motion, the Memorandum of Points

11   and Authorities in Support Thereof, the Declaration of Nabilah Hossain in Support of Plaintiff's

12   Motion to Certify Class and Appoint Class Representatives ("Hossain Decl."), the Joint

13   Declaration of Nabilah Hossain, Jack Weaver, and William Hedden in Support of Plaintff's

14   Motion for Appointment of Class Counsel ("Joint Decl."), the Declarations of Plaintiffs Melissa

15   Pitkin and Dan Grout, Expert Class Certification Report of Greg J. Regan, CPA/CFF, CFE

16   ("Regan Report") attached as Exhibit 1 to the Hossain Decl., Expert Report of Eugene Peterson

17   ("Peterson Report"), attached as Exhibit 2 to the Hossain Decl., Expert Report of David Melzer:

18   ("Melzer Report"), attached as Exhibit 3 to the Hossain Decl., the [Proposed] Order filed herewith,

19   and any additional materials and arguments that may be submitted by Plaintiffs in further support

20   of this Motion, the pleadings and filings herein and such other evidence, written or oral, as may be

21   presented.

22        <u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

23      <u>**The issues to be decided on this Motion are:**</u>

24      1.     Whether to certify the Classes proposed by Plaintiffs, which satisfy the

25   requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) and/or (b)(3);

26

27

28

2.      Whether to appoint Plaintiffs Melissa Pitkin and Dan Grout as Class Representatives; and

3.      Whether to appoint the following counsel as Class Counsel: Cotchett, Pitre & McCarthy, LLP; Welty, Weaver & Currie, APC; The Murray Law Firm; and William H. Hedden, Esq.

Dated: October 17, 2024                    **COTCHETT, PITRE & McCARTHY, LLP**

By:      */s/ Nabilah A. Hossain*
         FRANK M. PITRE
         THOMAS E. LOESER
         NABILAH A. HOSSAIN
         TYSON C. REDENBARGER
         ANDREW W. BRITTON

         *Attorneys for Plaintiffs Melissa Pitkin and Dan Grout and the Proposed Class*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   <u>INTRODUCTION</u>

3

In 2017, this court unequivocally decided that sales tax is distinct from the physical items

4
and not subjection to depreciation or deduction in calculating Actual Cash Value ("ACV") of an

5
item under California Insurance Code § 2051. *Johnson v. Hartford Cas. Ins. Co.*, No. 15-CV-

6
04138-WHO, 2017 WL 2224828, at *8 (N.D. Cal. May 22, 2017). State Farm General Insurance

7
("State Farm") has continuously and flagrantly disregarded California law, which for nearly two

8
decades has explicitly prohibited the depreciation of sales tax in calculating the Actual Cash Value

9
("ACV") of personal property. Despite this clear statutory mandate, State Farm has systematically

10
and unlawfully engaged in this practice across the state, consistently underpaying property

11
insurance claims by depreciating sales tax in violation of California law. As a result, Plaintiffs –

12
and the proposed Class—share a common problem and common claims that focus on State Farms

13
practices and policies, making class certification appropriate.

14
In particular, the class is more than sufficiently numerous as it is estimated that there are

15
tens of thousands of class members, the claims involve a single common question of statutory

16
interpretation which can be decided on common evidence, the Plaintiffs have identical claims to

17
the putative class members and the Plaintiff and class counsel will fairly and adequately

18
represent the interests of the class.

19
Plaintiffs bring this case against State Farm Insurance to cure an unlawful practice that

20
affects thousands of policy holders in California in the exact same way and seek an order

21
certifying the class action under Rules 23(a) and 23(b). Plaintiffs also seek injunctive and

22
declaratory relief to reduce the risk of future harm to themselves and the Class.

23

24

25

26

27

28

## II.    FACTUAL BACKGROUND

### A.    Insurance Code § 2051 and California Law Prohibits the Depreciation of Sales Tax in Calculating ACV Benefits Under Policies

All insurance contracts issued in the State of California are governed by the California Insurance Code (the "Insurance Code"), which prescribes minimum standards for insurance issued in this state for the protection of policyholders. Cal. Ins. Code. § 2051.[1] In 2004, § 2051(b) was added to the Insurance Code as part of the Homeowners Bill of Rights, to standardize the calculation of actual cash recovery under an open policy by insurers in determining ACV under insurance policies. *California Fair Plan Assn. v. Garnes*, 11 Cal. App. 5th 1276, 1295 (2017), *as modified on denial of reh'g* (June 14, 2017) (*Garnes*).

Section 2051, establishes the only permissible method in determining ACV in California. *Kirkwood v. State Automobile*, 193 Cal. App. 4th 49, 54 (2011). Section 2051, subsection (b), reads:

> Under an open policy that requires payment of actual cash value, the measure of the actual cash value recovery, in whole or partial settlement of the claim, for either a total or partial loss to the structure or its contents, shall be the amount it would cost the insured to repair, rebuild, or replace the thing lost or injured less a fair and reasonable deduction for physical depreciation based upon its condition at the time of the injury or the policy limit, whichever is less. ***A deduction for physical depreciation shall apply only to components of a structure that are normally subject to repair and replacement during the useful life of that structure.*** (emphasis added).

As prescribed in the statute, ACV is the amount it would cost the insured to repair, rebuild, or replace the item lost or injured, also known as Replacement Cost Value "RCV," minus a fair and reasonable deduction for "*physical depreciation*" based on the item's condition at the time of the injury or policy limit. As plainly written in the statute, the only lawful deduction allowed from RCV is for "physical depreciation." Sales tax is distinct from physical items and not subject to "depreciation" or deduction. *Johnson* 2017 WL 2224828 at *8. Physical depreciation refers to

---

[1] All subsequent undesignated statutory references are to the California Insurance Code.

wear and tear only, and since sales tax is not subject to wear and tear, the depreciation of sales tax is not permitted. The cost imposed by the sales tax is discrete from the value of the item being purchased; it is "separately stated *and collected*" from the consumer, by the seller, and rendered to the government. *Johnson* 2017 WL 2224828 at *8.

Case law confirms the plain meaning of the text of § 2051(b). In 2017, the California Court of Appeal unequivocally held, in a published decision, that 2051(b) provided "mandatory minimum coverage" that insurers could not contract around. *Garnes,* 11 Cal. App. 5th at 1308–09. In the same month that *Garnes* was decided, this Court held that the plain meaning of § 2051(b) prohibited the depreciation of sales tax and denied a motion for summary judgment on that issue in *See Johnson*, 2017 WL 2224828 at *7-8,*17. Two and a half years later, in 2020, the United States District Court for the Central District of California, determined that: "[a] plain reading of [§ 2051(b)] and [corresponding] regulation appears to indicate that any actual cash value payment made under a property insurance policy should not depreciate … expenses that are 'not a component of physical depreciation'—as sales tax … appear[s] to be." *Maison D'Artiste v. Am. Int'l Grp., Inc.*, 2020 WL 4037219, at *3 (C.D. Cal. Jan. 23, 2020).

**B.    State Farm's Uniform Policy is to Depreciate Sale Tax in Calculating ACV**

Section 2051(b) has been law since 2005, and courts have consistently affirmed that it is unlawful for insurance companies to depreciate sales tax when calculating Actual Cash Value (ACV). Despite this clear legal precedent, State Farm's policies and practices continue to disregard the law, openly flouting its requirements.

State Farm violates the law by depreciating sales tax as a component of Replacement Cost ("RC"). Under their uniform policies, including in the state of California, State Farm first calculates the RC of an item, including sales tax where applicable, and then calculates ACV by subtracting depreciation from the RC. (ACV = RC – depreciation). *See* Ex. 4[2] "Operation

---

[2] All references to Exhibits are to the Hossain Declaration unless otherwise indicated.

1  Guideline 75-50 Betterment, Depreciation, and Actual Cash Value ("Operation Guideline 75-

2  50")" at 2; Ex. 5 "Defendant State Farm's Response to Plaintiff's Interrogatory No. 3, dated

3  March 11, 2024,"; Ex. 6 "Robert Garza Deposition" at 48: 5-10; 68: 8-11; Ex. 7 "Donna

4  Blazewich, Person Most Knowledgeable "PMK", for State Farm General Insurance, Deposition"

5  at 32:12-23. 5. This is a two-step process.

6      Under the first step, it is State Farm's uniform policy to include sale tax as a component of

7  RC. Ex. 8 "Operation Guide for Personal Property Claim Handling ["Operation Guide 75-05"].[3]

8  According to Operation Guide 75-05, which applies to first party personal property claims: "Sales

9  tax, were applicable, *should be included* as part of the replacement cost calculation. The claim

10 handler/associate should verify with the insured if sales tax was already included I their claim for

11 replacement costs. If not, *it should be added*." *See* Ex. 8 Operation Guide 75-05 at 5 (emphasis

12 added). State Farm's Person Most Knowledgeable, Donna Blazewich, confirmed that in execution,

13 adjusters include sales tax as a part of replacement cost. Ex. 7 "PMK Dep." at 35:22-36:7.

14     In the second step, State Farm improperly depreciates the entire amount of RC, rather than

15 limiting depreciation to the property's wear and tear or components subject to physical

16 depreciation, as explicitly required by § 2051. State Farm's own internal definition of depreciation

17 aligns with § 2051(b), describing depreciation as "a decrease in the value of the property over a

18 period of time due to wear, tear, and obsolescence." Ex. 4 Operation Guideline 75-50 at 2.

19 However, in practice, State Farm blatantly disregards these standards by depreciating sales tax as

20 part of its ACV calculation, a clear disregard of the law. Ex. 7 PMK Dep. at 35:22-36:7; Ex. 6

21 Garza Dep. at 70:22-73:10. *See also* Ex. 5 Def. Resp. to Interrog. No. 3 at 11-12. This is also

22 apparent from the written estimate it provided Plaintiffs. *See* Pitkin Decl. ¶¶ 7-9; Grout Decl. ¶¶ 7-

23 9.[4]

24

25 _____

   [3] Operation Guide 75-05 has been in effect since February 19, 2016. *See* Def. Resp. to Interrog.

26 No. 3, dated March 11, 2024, at 11-12.
   [4] All references to paragraphs in Plaintiffs' declarations are to both declarations unless otherwise

27 indicated.

28

State Farm's practice of deprecating sales tax in calculating ACV benefits is part of a common and systematic policy and practice by State Farm to deprive their property insurance policyholders, of contractual benefits to which they are entitled as matter of California law.

      **C.**    **State Farm's Depreciated Sales Tax in Calculating ACV for Plaintiff's Personal Property**

State Farm included sales tax in the Replacement Cost Value (RCV) of Plaintiffs' personal property in California, then depreciated that amount to determine the Actual Cash Value (ACV). *Id.* ¶¶ 7-9. In other words, State Farm unlawfully depreciated sales tax when calculating ACV in connection with Plaintiffs' personal property claims.

**III.**    <u>THE PROPOSED CLASS REPRESENTATIVES</u>

Plaintiffs Melissa Pitkin and Dan Grout ("Plaintiffs") are a married couple who own a home together in Healdsburg, California. *Id.* ¶ 2. Plaintiffs purchased a homeowner's insurance policy from State Farm—policy number 57-C4-6752-1—which covered certain losses to their home and all its contents (the "Policy"). *Id.* ¶ 3. On August 20, 2020, Plaintiffs lost their home and all of its contents in the Wallbridge Fire. *Id.* ¶ 4. Shortly thereafter, they tendered a claim to State Farm for their losses under the Policy. State Farm accepted the claim and adjusted their losses according to the Policy. The Policy states that Plaintiffs are entitled to recover ACV for their personal property losses. Based on the policy language, this means that State Farm owed them the amount it would cost to repair, rebuild, or replace their damaged property minus a fair and reasonable deduction for physical depreciation. *Id.* ¶ 6. The language of the Policy is consistent with how ACV should be measured under § 2051(b) as well as State Farm's Claim Practice on Betterment, Depreciation, and Actual Cash Value that defines ACV as the "value of the damages part of the property at the time of the loss, calculated as the estimated cost to repair to replace such property, less a deduction to account for the pre-loss depreciation." Ex. 4 Operation Guideline 75-50 at 2.

On December 16, 2022 and January 24, 2023, respectively, Plaintiffs received partial payments from State Farm for our personal property contents losses. *Id.* ¶¶ 7-8. At the same time, State Farm sent Plaintiffs loss payment worksheets showing their ACV benefits for their personal property. *Id.* For all items of property where sales tax was applicable, State Farm depreciated sales tax in calculating ACV *Id.* ¶ 9. *See also* Ex. 1, Regan Report; Ex. 2, Peterson Report; Ex. 3, Meltzer Report ¶ 25. This is a violation of the § 2051(b) and in contravention of State Farm's own policy language.

Plaintiffs have and will continue to pursue the claims in this litigation on behalf of themselves and the putative class.

## IV.    ARGUMENT

### A.    Legal Standard and Proposed Class Definition

Plaintiffs seeking class certification must provide facts sufficient to satisfy the requirements of Rule 23(a) and at least one prong of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) requires Plaintiffs to demonstrate: (1) numerosity; (2) commonality of the factual and legal issues; (3) typicality of Plaintiffs' claims and defenses to those of the class; and (4) adequacy of Plaintiffs and their counsel. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).

Here, Plaintiffs seek to certify injunctive and declaratory relief claims under Rule 23(b)(2), or alternatively, damages claims under Rule 23(b)(3) on behalf of a class defined as:

> All persons who, between January 1, 2015 and the present, were or are a named insured under a property insurance policy issued in California by Defendant, who suffered a covered loss to real or personal property for which they received payment of actual cash value (ACV) benefits that were reduced due to depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

Plaintiffs seek class certification on each claim set forth in the Second Amended Consolidated Complaint ("SAC") filed August 4, 2023. ECF No. 41. The claims include: Count I Declaratory Relief; Count II Breach of Contract; Count III – Breach of the Implied Covenant of

1   Good Faith and Fair Dealing; and Count IV – Violation of California's Unfair Competition Law

2   (Cal. Bus. & Prof. Code §§ 17200, *et seq*). Compl. at ¶¶ 55-81.[5]

3       **B.      This Case Meets the Requirements of Rule 23(a)**

4           **1.      The Proposed Class is Sufficiently Numerous**

5       In the Ninth Circuit, courts routinely hold that numerosity is satisfied when the class contains

6   40 members. *See Hatamian v. Advanced Micro Devices, Inc.,* No. 14-CV-00226 YGR, 2016 WL

7   1042502, at *4 (N.D. Cal. Mar. 16, 2016); *In re Cooper Cos. Sec. Litig*., 254 F.R.D. 628, 634 (C.D.

8   Cal. 2009). Plaintiffs do not need precise Class figures to satisfy numerosity. *In re Cooper Cos. Inc.*

9   *Sec. Litig.,* 254 F.R.D. 628, 634 (C.D. Cal. 2009). "Where the exact size of the proposed class is

10  unknown, but general knowledge and common sense indicate it is large, the numerosity requirement

11  is satisfied." *In re HiEnergy Techs., Inc. Sec. Litig.,* 2006 WL 2780058, at *3 (C.D. Cal. Sept. 26,

12  2006).

13      Here, there are an estimated 191,362 potential class members in this case. *See* Ex. 3 Melzer

14  Report ¶¶ 9-17. This number easily satisfies numerosity. *See Johnson v. Hartford Cas. Ins. Co*., No.

15  15-CV-04138-WHO, 2017 WL 2224828, at *12 (N.D. Cal. May 22, 2017) (estimated 19,500 class

16  members meets the numerosity requirement). Thus, Plaintiffs satisfy Rule 23(a)(1).

17          **2.      Plaintiffs' Have Claims Typical of the Proposed Class**

18      To show typicality, a plaintiff must demonstrate that the "named parties' claims are typical

19  of the class." Fed. R. Civ. P. 23(a)(3). This means that the class representative "possess[es] the

20  same interest and suffer[s] the same injury" as the other class members. *E. Tex. Motor Freight Sys.*

21  *v. Rodriguez*, 431 U.S. 395, 403 (1977). The typicality requirement is "permissive" and requires

22  only that the representative's claims "are reasonably coextensive with those of the absent class

23  members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir.

24  2014) (internal quotation omitted).

25      Plaintiffs' claims are typical. Plaintiffs Pitkin and Grout have suffered the same harm that

26  _____

27  [5] All references to "Compl." are to Plaintiffs' Amended Class Action Complaint. ECF No. 41.

28

the putative class has suffered—the reduction in ACV payment via unlawful depreciation. *See* Pitkin Decl. ¶¶ 7-9; Grout Decl. ¶¶ 7-9. *See also* Ex. 2, Peterson Report; Ex. 3, Meltzer Report. Likewise, Pitkin and Grout possess the same interest as the other putative class members— recovery of the difference between the payment from State Farm and the undepreciated ACV. *See* Pitkin Decl. ¶¶ 7-12; Grout Decl. ¶¶ 7-12; Ex. 2, Peterson Report; Ex. 3 Meltzer Report; *see also Johnson v. Hartford Cas. Ins. Co.*, No. 15-CV-04138-WHO, 2017 WL 2224828, at *13 (N.D. Cal. May 22, 2017). Thus, Plaintiffs satisfy Rule 23(a)(3).

### 3.    Common Issues of Law and Fact Predominate Plaintiffs' Claims

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A common contention need not be one that 'will be answered, on the merits, in favor of the class.' It only 'must be of such nature that it is capable of class-wide resolution.'" *Alcantar v. Hobart Servs.*, 800 F.3d 1047, 1053 (9th Cir. 2015) (quoting *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 and *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011)). A "single common question" is enough to satisfy the commonality requirement of Rule 23(a)(2). *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (internal quotation marks omitted).

Here, Plaintiffs' causes of action each rely on common questions of law or fact. First, virtually all of the questions of law or fact at issue are common between Plaintiffs and all others in the proposed Class. For example: (1) whether § 2051 of the California Insurance Code prohibits Defendants from deducting depreciation from sales tax in calculating and paying ACV benefits under property insurance policies issued in California; (2) whether Defendant had or has a common policy or practice of deducting depreciation for sales tax in calculating and paying ACV benefits under property insurance policies issued in California; (3) whether Plaintiffs and Class Members are entitled to declaratory and/or injunctive relief; and (4) whether Defendant breached its contractual obligations to Plaintiffs and Class Members by deducting depreciation from sales tax in calculating and paying ACV benefits under property insurance policies issued in California. Each of these issues may be resolved uniformly and simultaneously for all class members. *See*

Compl. at ¶¶ 55-81. Indeed, absent class members would need to prove essentially identical legal theories and factual issues if they chose to pursue their claims individually. Thus, Plaintiffs satisfy Rule 23(a)(2).

### 4.    Plaintiffs and their Counsel Are Adequate

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether plaintiffs and their counsel are adequate representatives of the class, this Court must consider two factors. First, whether the lead plaintiffs and their counsel have "any conflicts of interest with other class members. Second, whether the lead plaintiffs and their counsel can "vigorously prosecute the action of behalf of the class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 n. 9 (9th Cir. 2011). Plaintiffs and proposed class counsel satisfy both factors.

### a.    Plaintiffs Are Adequate Representatives

Plaintiffs are adequate representatives of the class. Under Rule 23(a)(4), the "adequacy" requirement examines whether "the named plaintiff's claim and class claims are so interrelated that the interests of the Class Members will be fairly and adequately protected in their absence. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 & n.13 (1982) Plaintiffs' declarations show they are: (1) generally informed about the general nature of their claims and this litigation; (2) familiar with their roles and duties as class representatives; and (3) they are not aware of any conflicts with any absent class member or any party to this litigation. *See* Pitkin Decl. ¶¶ 14-20; Grout Decl. ¶¶ 14-20. As detailed above, Plaintiffs' claims are typical. Plaintiffs allege they were harmed by the same conduct and in the same manner as the rest of the class, both of which stem from Defendant's common policy and practice of adjusting claims in violation of California law. *See generally* ECF 41. Since Plaintiffs' claims and those of the class are identical and Plaintiffs' claims will succeed or fail along with those of the class, their interests are aligned. Thus, Plaintiffs are adequate representatives of the class.

###### b.    Plaintiffs' Counsel Are Adequate

Plaintiffs' counsel are adequate. To evaluate whether counsel is adequate, this Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Further, this Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed R. Civ. P. 23(g)(1)(B).

Here, Plaintiffs' counsel satisfy each of these requirements. Plaintiffs' counsel have identified, investigated, and litigated the claims in this action, including by engaging in discovery and successfully opposing Defendant's motion to dismiss. *See* Joint Declaration of Nabilah A. Hossain, Jack W, Weaver, and Arthur M. Murray, and William H. Hedden, ("Joint Decl.") ¶¶ 2-5. Plaintiffs' counsel at Cotchett, Pitre & McCarthy, LLP, Welty Weaver & Currie, the Murray Law Firm, and William H. Hedden are experienced and knowledgeable in multiple types of complex litigation as well as insurance litigation. Id. ¶¶ 7-17. Further, Plaintiffs' counsel have dedicated substantial resources to this case and have the resources to commit to adequately and vigorously advancing the interests of the Class and will do so until resolution of this action. Id. ¶¶ 3-6. Thus, Plaintiffs' counsel are adequate representatives for the class.

### C.    The Proposed Class Meets the Requirements of Rule 23(b)(3)

In addition to meeting the prerequisites of Rule 23(a), a class action must also satisfy at least one of the three conditions imposed by Rule 23(b). Rule 23(b)(3) authorizes certification where: (i) "the questions of law or fact common to class members predominate over any questions affecting only individual members;" and (ii) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1.    Common Questions of Law and Fact Predominate

Here, and as detailed above, Plaintiffs' claims assert that State Farm illegally depreciates sales tax when calculating ACV. This question, which pertains to every class member, can be resolved through the interpretation of one statute and the same factual determinations. *See Johnson* 2017 WL 2224828, at *15 (rejecting six arguments against Rule 23(b)(3) factors in substantially similar case). This condition is easily met in this case.

### 2.    A Class Action Is Superior to Other Available Methods for the Efficient Adjudication of This Case

Finally, Rule 23(b)(3) requires that the class action vehicle be superior to any other method of adjudication. Fed. R. Civ. P. 23(b)(3). To determine whether a class action is superior, the courts consider four factors: 1) class members' individual interests in controlling the prosecution of separate actions; 2) whether other litigation has already commenced; 3) the desirability of concentrating claims in one forum; and 4) the difficulties likely to be encourages in managing a class action. *Id.*

Each of the factors enumerated in Rule 23(b)(3) weighs in favor of class action treatment. First, individual class members have no significant interest in controlling the prosecution of separate actions given the prohibitive costs of bringing an individual action compared to the relatively small amount of potential recovery, very few Class member could prosecute these claims on an individual basis, nor would it be financially prudent for them to do so. *Zinser*, 253 F.3d at 1190. In any event, any individual who may desire will have the opportunity to opt out of the Class. Second, counsel are unaware of any other litigation against Defendant asserting these claims in this Court or the Ninth Circuit.[6] Third, there is a substantial advantage in concentrating this litigation in one forum. This case turns on an interpretation of § 2051 and whether or not sales tax is depreciable. A situation in which numerous lawsuits surrounding the same question, in

---

[6] Counsel acknowledge, however, that a separate action against State Farm in California State Court has been appealed from a grant of summary judgment in State Farm's favor.

Plaintiffs' Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel; Case No. 3:23-cv-00924-WHO

13

which each court must decide, would produce "confusion, uneven, and inequitable results" applying different rulings under the same statute to different policyholders. *See Johnson*, 2017 WL 2224828 at * 17. Fourth, this case presents no unusual difficulties in the management or notification of Class Members. The records pertaining to class membership, breach, and damages are all available in State Farm's records. *See* Ex. 1, Regan Report; Ex. 2, Peterson Report; Ex. 3, Meltzer Report ¶¶18-24.

For these reasons, this case easily satisfies the superiority requirement of Rule 23.

## V.    CONCLUSION

This case is well-suited for class action treatment, as the central issue is whether sales tax is subject to depreciation under California law. State Farm has already acknowledged its practice of depreciating sales tax, and the remedy can be readily determined from its records. For these reasons, Plaintiffs respectfully request that the Court: (1) certify this action as a Class action; and (2) appoint Plaintiffs as Class Representatives; and (3) appoint Cotchett, Pitre, & McCarthy, LLP, Welty, Weaver, & Currie, APC, the Murry Law Firm, and William H. Hedden as Class Counsel.

Dated: October 17, 2024                    **COTCHETT, PITRE & McCARTHY, LLP**

                                           By:    */s/ Nabilah A. Hossain*
                                                  FRANK M. PITRE
                                                  THOMAS E. LOESER
                                                  NABILAH A. HOSSAIN
                                                  TYSON C. REDENBARGER
                                                  ANDREW W. BRITTON

                                           *Attorneys for Plaintiffs Melissa Pitkin and Dan Grout and the Proposed Class*

1

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2       I, Nabilah A. Hossain, attest that concurrence in the filing of this document has been

3   obtained from the other signatory. I declare under penalty of perjury under the laws of the United

4   States of America that the foregoing is true and correct.

5       Executed this 17th day of October, 2024, at Burlingame, California.

6

7                                              */s/ Nabilah A. Hossain*
                                                Nabilah A. Hossain

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28