FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
NABILAH A. HOSSAIN (SBN 329689)
nhossain@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
ANDREW W. BRITTON (SBN 340052)
abritton@cpmlegal.com
MARISSA L. HAUCK (SBN 356799)
mhauck@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

JACK. W. WEAVER (SBN 278469)
jack@weltyweaver.com
RACHEL M. MACHE (SBN 318461)
rachael@weltyweaver.com
**WELTY, WEAVER & CURRIE, P.C.**
3554 Round Barn Boulevard, Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
Fax: (707) 473-9778

STEPHEN B. MURRAY, JR (*pro hac vice*)
smurrayjr@murray-lawfirm.com
ARTHUR M. MURRAY (*pro hac vice*)
amurray@murray-lawfirm.com
JESSICA W. HAYES (*pro hac vice*)
jhayes@murray-lawfirm.com
THOMAS M. BEH (*pro hac vice*)
tbeh@murray-lawfirm.com
**MURRAY LAW FIRM**
Hancock Whitney Center
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone (504) 525-8100
Fax: (504) 5845249

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA PITKIN and DAN GROUT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendants. | Case No. 3:23-cv-00924-WHO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO STRIKE**<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2 – 17th Floor |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiffs Melissa Pitkin and Dan Grout ("Plaintiffs"), hereby submit this opposition to Defendant State Farm General Insurance Company's ("Defendant" or "State Farm") administrative motion and motion to strike. ECF 89, 90.

## I. Introduction

State Farm's administrative motion to strike Plaintiffs' rebuttal expert reports is based on a fundamental mischaracterization of both the function of rebuttal evidence and the procedural posture of this case. The rebuttal reports submitted with Plaintiffs' Reply directly respond to arguments raised for the first time in Defendant's opposition to class certification—specifically, that Plaintiffs' experts overlooked the "*Ramyead* datasets." ECF 76, p. 12-18. Defendant's argument that these rebuttal reports constitute impermissible new evidence is inconsistent with Ninth Circuit law on class certification, and the motion should be denied. Defendant's additional request to strike Plaintiffs' opposition to its separately filed Request for Judicial Notice is likewise unfounded.

## II. Rebuttal Reports are Permitted to Respond to Defendant's Opposition

Courts in this District have recognized that rebuttal evidence is proper when it serves to explain, repel, counteract or disprove arguments raised by the adverse party in opposition. *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023). Indeed, the Ninth Circuit has stated that courts should "license greater evidentiary freedom at the class certification stage." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018) (explaining that district court should have considered certain declarations for class certification instead of leaning "on evidentiary formalism in striking those declarations as 'new evidence' submitted in reply").

Here, Defendant's opposition to class certification argued that Plaintiffs' expert reports were *inadmissible* because the experts failed to analyze the *Ramyead* datasets, which State Farm claimed were material. ECF 76, p. 24-27. Plaintiffs' expert rebuttal declarations respond directly to this point by showing that (1) the data was considered once identified, and (2) the experts' conclusions remain unchanged even in light of that data. ECF 86, p. 7:19-27, 19:8-10, 20:9-11. This is permissible rebuttal evidence. *Stiner*, *supra*, 665 F. Supp. 3d at 1179 (court considered reply declarations that directly respond to the argument that defendants made in their opposition); *see also Sali*, *supra*, 909 F.3d at 1006.

State Farm also strenuously argues that the rebuttal reports must be stricken simply because the *Ramyead* datasets had been previously produced and *could* have been addressed in the opening expert reports. But courts have explicitly rejected any bright-line rule that new data cannot be used in rebuttal merely because it was available earlier. *See Leadership Studies, Inc. v. Blanchard Training & Dev., Inc.*, 2018 WL 1989554, at *9 (S.D. Cal. Apr. 27, 2018) ("There is no bright line rule requiring automatic exclusion of a rebuttal report that contains information that could have been included in an initial expert report."). What matters is whether the rebuttal report addresses the same subject matter and directly responds to the opposing party's evidence or arguments. *See also* FRCP 26(a)(2)(D)(ii) (expert rebut evidence allowed).

Plaintiffs' Reply reports do precisely that: they rebut the argument made by State Farm that failure to consider the *Ramyead* datasets undermines the expert conclusions. ECF 76, p. 13:25-26, 14:1-7. It is, therefore, entirely appropriate—and necessary—for Plaintiffs to respond to these arguments, which includes engaging with the *Ramyead* datasets that State Farm put at issue. Further, the inclusion of the *Ramyead* datasets in the rebuttal reports did not change nor "widen" the scope of Plaintiffs' experts' prior opinions. As explained in Plaintiffs' Reply, Mr. Regan reviewed the *Ramyead* data and confirmed the validity of his damages model. ECF 86, p. 12:1-7. Mr. Melzer used the data to confirm that the class is ascertainable using State Farm's own records. *Id*. at 20:9-20. Mr. Peterson reaffirmed his opinions regarding uniform depreciation practices. *Id*. at 7:19-22. These are not new opinions; Plaintiffs' experts simply respond to State Farm's arguments by confirming that the *Ramyead* data supports their initial opinions. And State Farm cites no specific opinion, methodology, or theory that departs from the original subject matter. Striking the reply declarations would, therefore, be improper. *See Stiner*, *supra*, 665 F. Supp. 3d at 1179 ("the Court also considered Dr. Kennedy's reply declaration [in whole] which refuted Defendants' proposed damages model as inapposite, . . . and restated opinions that Dr. Kennedy provided in his initial declaration."); *cf. Sali*, *supra*, 909 F.3d at 1006.

Even if the rebuttal reports were deemed "new," courts may consider such evidence where the opposing party has had a fair opportunity to respond with an objection. *See Cisco Sys., Inc. v. Dexon Computer, Inc.*, 2023 WL 6466384, at *4 (N.D. Cal. Oct. 3, 2023) (permitting reply

declaration where it responded to opposition and the non-movant had "the opportunity to respond, in the form of its objection"). Here, State Farm has had an opportunity to object and has made both legal and factual arguments. ECF 89. Moreover, expert discovery remains open, and State Farm may explore these issues in ongoing expert discovery. ECF 54 & 55 (expert disclosure deadline (6/12/25), expert rebuttal (7/12/25) and expert discovery cutoff (8/21/25)). State Farm insists that a sur-reply "would not redress this harm" but offers no explanation as to why or how the present expert discovery schedule is insufficient. Thus, Plaintiffs' Reply evidence was legally and procedurally proper; therefore, State Farm's motion to strike should be denied.

This case stands in stark contrast to those cited by State Farm, such as *Martinez*, which involved a supplemental expert report submitted <u>after</u> the close of expert discovery. *See, e.g., Martinez v. Costco Wholesale*, 336 F.R.D. 183, 186 (S.D. Cal. 2020).

### III. Plaintiffs' Objections to the RJN Evidence Was Proper and Fair

State Farm also asks the Court to strike Plaintiffs' opposition to its separately filed Request for Judicial Notice ("RJN"), arguing that Local Rules prohibit objections outside the reply. *See* ECF 89, 90. The Court should nevertheless consider Plaintiffs' objections for several reasons.

First, State Farm itself filed the RJN as a standalone document, and Plaintiffs were entitled to respond in kind. As the court explained in *DoorDash, Inc. v. City & Cnty. of San Francisco*, "[t]he City's request for judicial notice was separately filed from its motion to dismiss and so the Plaintiffs may also separately file its opposition to the request for judicial notice." 2022 WL 867254, at *4 (N.D. Cal. Mar. 23, 2022). The same principle applies here. Having elected to file its RJN in addition to its 35-page opposition, with 81 pages of supporting exhibits, Plaintiffs should be permitted to respond in kind.

Second, even if the Court were to strike Plaintiffs' opposition to the RJN, the Court should consider Plaintiffs' objections to the *Ramyead* evidence as they were also made in Plaintiffs' Reply. ECF 86 at 8. Specifically, Plaintiffs objected to the *Ramyead* case because the Court of Appeal affirmed the dismissal of the *Ramyead* claims on statute of limitations grounds only, without addressing California Insurance Code § 2051, the central issue here. *Id*. Additionally, the Court of Appeal explicitly designated its ruling as unpublished; thus, considering evidence from that case is

inappropriate. *Id.*; *see also Smahi v. STMicroelectronics, Inc.*, 2025 WL 965774, at *3 (N.D. Cal. Mar. 31, 2025) (Smahi also raised the crux of those objections in his opposition brief, such that they are therefore properly before the Court), *citing PNY Techs., Inc. v. SanDisk Corp.*, 2014 WL 1677521, at *2 n .4 (N.D. Cal. Apr. 25, 2014). Finally, Plaintiffs' opposition was limited to the applicability of a request for judicial notice—it did not extend to any reply argument.

### IV.     Conclusion

For these reasons, the motions should be denied.

Dated: June 9, 2025

Respectfully submitted,
COTCHETT, PITRE & McCARTHY, LLP

By: */s/ Tyson C. Redenbarger*
FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
NABILAH A. HOSSAIN (SBN 329689)
nhossain@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
ANDREW W. BRITTON (SBN 340052)
abritton@cpmlegal.com
MARISSA L. HAUCK (SBN 356799)
mhauck@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

STEPHEN B. MURRAY, JR (*pro hac vice*)
smurrayjr@murray-lawfirm.com
ARTHUR M. MURRAY (*pro hac vice*)
amurray@murray-lawfirm.com
JESSICA W. HAYES (*pro hac vice*)
jhayes@murray-lawfirm.com
THOMAS M. BEH (*pro hac vice*)
tbeh@murray-lawfirm.com
MURRAY LAW FIRM
Hancock Whitney Center
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone (504) 525-8100

| | |
|---|---|
| 1 | JACK. W. WEAVER (SBN 278469) |
| 2 | jack@weltyweaver.com |
|   | RACHEL M. MACHE (SBN 318461) |
| 3 | rachael@weltyweiver.com |
|   | WELTY, WEAVER & CURRIE, P.C. |
| 4 | 3554 Round Barn Boulevard, Suite 300 |
|   | Santa Rosa, CA 95403 |
| 5 | Telephone: (707) 433-4842 |
| 6 | |
|   | *Attorneys for Plaintiffs and the Proposed* |
| 7 | *Class* |

- 5 -  Case No. 3:23-cv-00924-WHO

PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO STRIKE