SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER M. HOFFMAN (SBN 240600)
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
E-mail: jhoffman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANNA S. McLEAN, (SBN 142233)
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E-mail amclean@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

COTCHETT, PITRE & McCARTHY, LLP
FRANK M. PITRE (SBN 100077)
NABILAH A. HOSSAIN (SBN 329689)
TYSON C. REDENBARGER (SBN 294424)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
E-mail:    fpitre@cpmlegal.com
           nhossain@cpmlegal.com
           tredenbarger@cmplegal.com

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA PITKIN and DAN GROUT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No. 3:23-cv-00924-WHO<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:       June 18, 2025<br>Time:       2:00 p.m.<br>Judge:      Hon. William H. Orrick<br>Location:   Zoom Webinar |

Pursuant to the Court's Minute Order dated April 10, 2025 (Dkt. 79) and the Court's Standing Order for All Judges, Plaintiffs Melissa Pitkin and Dan Grout ("Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendant State Farm General Insurance Company ("State Farm" or "Defendant") (collectively the "Parties") submit the following Joint Case Management Conference Statement in advance of the Further Case Management Conference ("CMC") scheduled for June 18, 2025. The Parties have met and conferred regarding this statement and submit it jointly, except as noted below.

**1.    Jurisdiction and Service:**

Joint Statement:  The Parties agree that there are no issues regarding personal jurisdiction or venue, and that no parties remain to be served.

**2.    Facts:**

Plaintiffs' Statement:

On August 20, 2020, the Walbridge Fire partially destroyed Plaintiffs' home and its contents. Am. Compl. ("FAC"), Dkt. 41, ¶ 35. Plaintiffs then submitted a claim (the "August 2020 claim") under their Policy to State Farm seeking coverage for the damage to their real and personal property. *Id.* On or about December 16, 2022 and January 24, 2023, State Farm paid ACV benefits for certain personal property losses. *Id.* ¶¶ 36, 37. Plaintiffs contend that those ACV benefits payments were "reduced due to State Farm having depreciated sales tax," that such depreciation of sales tax is "in violation of [Cal. Ins. Code] § 2051," and that these reductions are "part of a common and systematic policy and practice by Defendant to deprive State Farm property insurance policyholders, including Plaintiffs and putative Class Members, of contractual benefits to which they are entitled as a matter of California law and as a matter of contract." *Id.* ¶¶ 36-37, 43-44.

This Court and at least one other federal district court have ruled that this practice of insurers reducing ACV benefits payments by depreciating sales tax violates or appears to violate § 2051. *Id.* ¶¶ 30-32, citing *Johnson v. Hartford Cas. Ins. Co.*, No. 15-cv-04138-WHO, 2017 WL 2224828, at *7-8, *17 (N.D. Cal. May 22, 2017), and *Maison D'Artiste v. Am. Int'l Grp., Inc.*, No. 2:19-cv-07574-SVW, 2020 WL 4037219, at *3 (C.D. Cal. Jan. 23, 2020). Defendant's Statement below ignores these cases and focuses instead on a non-precedential California Superior Court

decision going the other way, *Ramyead v. State Farm Gen. Ins. Co.*, No. 20STCV06274 (Cal. Super. Los Angeles Cnty.), *pre–class certification summary judgment entered* (May 16, 2023), *notice of appeal filed* (June 2, 2023). *See* Dkt. 29, 35. Recently, on April 29, 2025, the California Court of Appeal for the Second Appellate District issued its ruling on the *Ramyead* appeal, *Ramyead v. State Farm Gen. Ins. Co.,* 2025 WL 1231885 (Cal. Ct. App. Apr. 29, 2025). There, the Court of Appeal affirmed the dismissal of the plaintiffs' claims on statute of limitations grounds only. *Id*. The Court of Appeal did not address any other issues, including the interpretation of California Insurance Code § 2051. *Id*. Additionally, the Court of Appeal explicitly designated its ruling as unpublished.

Here, Plaintiffs bring four claims for relief against Defendant: declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*. FAC ¶¶ 55-81. Plaintiffs allege their claims on behalf of themselves and the following proposed class: "All persons who, at any time during the applicable limitations period, were a named insured under a property insurance policy issued in California by Defendant, who suffered a covered loss to real or personal property for which they received payment of actual cash value (ACV) benefits that were reduced due to depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits." *Id.* ¶ 46.

Plaintiffs seek various relief, including damages, equitable restitution, and prospective injunctive relief. *Id.*, Prayer. In connection with their request for injunctive relief, Plaintiffs allege that they are realistically threatened with the same future harm from a repetition of State Farm's conduct of unlawfully depreciating sales tax when calculating ACV payments because, among other reasons, aspects of their August 2020 claim remain open and they expect to receive additional payments of ACV benefits after the filing of the Complaint. *Id.* ¶ 40. Additionally, Plaintiffs' Policy with State Farm remains in effect and will continue to be for the foreseeable future since they have no intention of changing insurance carriers. *Id.* ¶ 39.

Defendant's Statement:

Defendant disputes all liability and damages and contend that State Farm properly calculated ACV for Plaintiffs' personal property pursuant to California Insurance Code section 2051.

A California state court recently agreed with State Farm on this issue in an earlier-filed putative class action similarly alleging that State Farm improperly accounted for sales tax in its ACV benefits payments, *Vishnudut Ramyead et al. v. State Farm General Insurance Company, et al.*, Los Angeles Superior Court Case No. 20STCV06274, assigned to the Honorable William F. Highberger in the Complex Civil Litigation Division of the Los Angeles Superior Court (the "*Ramyead* Action").  Judge Highberger in the *Ramyead* Action granted summary judgment in favor of State Farm based on its findings that State Farm properly calculated ACV consistent with Section 2051, and that the plaintiffs' claims were untimely and barred by the policy's contractual suit limitations period pursuant to California Insurance Code section 2071.  (Dkt. 29).

The plaintiffs in the *Ramyead* Action filed a Notice of Appeal on June 2, 2023.  On April 29, 2005, the Court of Appeal, Second Appellate District issued its unpublished opinion, available at *Vishnudut Ramyead et al. v. State Farm General Insurance Company, et al.*, No. B329614, 2025 WL 1231885, at **3-4 (Cal. Ct. App. 2025), which State Farm submitted to the Court by way of a Statement of Recent Decision pursuant to Civil Local Rule 7-3(d) (Dkt. 85).  The Court of Appeal affirmed the judgment in favor of State Farm.  Although the Court of Appeal did not address the ACV methodology issue, the Court of Appeal's analysis finding the policy's one-year suit limitations provision applicable is instructive here.   Specifically, it reflects the fact-sensitive tolling inquiry necessary to analyze the suit limitations period and determine timeliness of each insured's claim.  Ramyead filed a petition for review with the California Supreme Court on May 30, 2025, No. S290805.

**3. Legal Issues:**

Plaintiffs' Statement:  The central issues in this case include whether the State Farm Defendant has a policy and/or practice of depreciating sales tax when calculating ACV benefits payments to their California policyholders, and whether such depreciation of sales tax violates Cal. Ins. Code § 2051(b), breaches the Relevant Policies, breaches the implied covenant of good faith

and fair dealing, and constitutes an unlawful or unfair business act of practice under the California UCL. Another issue will be the applicable limitations period, including whether the period should be tolled back to January 1, 2005, when § 2051(b) went into effect, under various tolling theories, including that Defendant has been systematically and knowingly violating § 2051(b) since its inception and been engaged in various acts and omissions that have worked to conceal that from their policyholders. *See* FAC ¶ 54.

Plaintiffs disagree with State Farm's contention below that Plaintiffs' claims raise any "individual issues" that would defeat class certification. In particular, State Farm's reference to individual "[l]iability determinations" about coverage will not be an issue because Plaintiffs seek to certify a class of California policyholders that already received from State Farm ACV benefits payments in connection with their property loss claims—which means that State Farm has already determined it was liable to pay ACV benefits in connection with those claims. *See id.* ¶ 46. The issue in this case is whether State Farm's uniform policy and practice of depreciating sales tax to reduce the dollar amounts of ACV benefits it pays to its California policyholders is unlawful, unfair, or a systematic breach of contract. These issues have been briefed as part of Plaintiffs' class certification motion. *See* Dkt. 73, 76, 86. Additionally, and contrary to State Farm's contention below, Plaintiffs' proposed methodology for determining class damages is sound.

Defendant's Statement: Defendant agrees that the central legal issue alleged by Plaintiffs is how to account for sales tax in calculating ACV under California Insurance Code section 2051.

However, Plaintiffs' claims raise numerous individual issues as well. For example, Defendant's policies contain a contractual suit limitations provision pursuant to California Insurance Code section 2071, which the Court of Appeal in *Ramyead* found applicable and supported judgment for State Farm. How that provision applies to a particular loss, and how equitable tolling may apply to extend that period on a particular claim, requires individualized factual determinations. Liability determinations would also require individualized findings as to whether each putative class member suffered a covered personal property loss that State Farm had a contractual obligation to pay towards the personal property of putative class members in the first place, separate and apart from the issue of how to calculate ACV. In addition, Plaintiffs' experts'

proposed methodology for determining class damages is not capable of showing damages on a class wide basis, does not account for individual defenses, and fails the gatekeeper test this court must apply under Federal Rule of Evidence 702, as detailed in State Farm's Opposition to Plaintiffs' Motion for Class Certification.

### 4. Motions

#### A. Pending Motions:

<u>Joint Statement</u>: Plaintiffs' motion for class certification is pending.

Also pending is State Farm's Administrative Motion to Strike three new expert reports that Plaintiffs filed with their Reply in support of the Motion for Class Certification, as well as the portions of the Reply that rely on the new reports and a separate 7-page objection to State Farm's Request for Judicial Notice. On June 9, 2024, Plaintiffs filed an opposition to the administrative motion to strike (Dkt. 92).

#### B. Anticipated Motions

<u>Plaintiffs' Statement</u>: Plaintiffs anticipate filing one or more motions for summary judgment or partial summary judgment following the Court's ruling on class certification. Specifically, a dispositive legal issue in this case is whether California Insurance Code 2051(b) permits or prohibits State Farm's policy and practice of depreciating sales tax in calculating ACV benefits paid under California property insurance policies, which Plaintiffs intend to resolve by motion for summary judgment.

<u>Defendant's Statement</u>: Defendant reserves the right to file a Motion for Summary Judgment and/or to seek interlocutory review should a class be certified.

### 5. Amendment of Pleadings:

<u>Joint Statement</u>: On August 4, 2023, Plaintiffs filed an Amended Complaint removing State Farm Fire and Casualty Company as a defendant, and proceeding against only Defendant State Farm General Insurance Company. *See* Dkt. 41-1.

### 6. Evidence Preservation:

<u>Joint Statement</u>: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. They also met and conferred in 2023 pursuant to Fed. R. Civ. P.

26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have significant differences of opinion regarding the permissible scope of discovery and the time period for which discovery should be allowed. Defendant has indicated to Plaintiffs that it is preserving all potentially discoverable evidence, to the extent that such evidence is still available, even if its view of the limited scope of permissible discovery is not adopted by the Court, should Court intervention be required.

Pursuant to the ESI protocol, the parties have met and conferred regarding preservation of discoverable documents and information. Thus far, no disputes regarding evidence preservation have arisen.

**7.  Disclosures:**

<u>Joint Statement</u>:  The Parties exchanged Initial Disclosures.  State Farm served its First Amended Initial Disclosures on January 28, 2025.

**8.  Discovery:**

<u>Joint Statement</u>:  The Parties have entered into, and the Court has approved, a Stipulated Protective Order and a Stipulated ESI Protocol. Dkt. 44, 49. To date, the parties have served the following written discovery: both parties' initial disclosures, Plaintiffs' requests for production of documents (two sets) and interrogatories and State Farm's responses and objections thereto, State Farm's requests for production of documents and interrogatories and Plaintiffs' responses and objections thereto, State Farm's requests for admissions, and Plaintiffs' requests for admissions.

State Farm deposed Plaintiffs Melissa Pitkin and Dan Grout.  State Farm also deposed Plaintiffs' experts—Greg Regan, Eugene Peterson, and David Melzer—who submitted declarations in support of Plaintiffs' Motion for Class Certification.  Plaintiffs took the deposition of one of State Farm's declarants in support of their Opposition to Plaintiffs' Motion for Class Certification, Donna Blazewich.  Another declarant, Jay Thorpe, was on medical leave but has now returned. State Farm offered to stipulate to a further continuance of the of the class certification briefing schedule to allow Plaintiffs an opportunity to depose Mr. Thorpe before their reply brief deadline. Plaintiffs declined.

1    The parties do not presently propose expanding the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a).

The fact discovery cutoff passed on May 8, 2025. (Dkt. 55)

<u>Plaintiffs' Statement</u>:

Following the Court's ruling on the class certification motion, and the deposition of Jay Thorpe, the parties will discuss what discovery remains outstanding. At a minimum, Plaintiffs will promptly expect updated data from State Farm listing the class members in this case and the amount of sales tax withheld for each. Additionally, depending on the deposition of Mr. Thorpe, which Plaintiffs agreed to defer due to Mr. Thorpe's health issues, Plaintiffs may also need to conduct further depositions if Mr. Thorpe is unable to testify about certain issues pertaining to State Farm's data listing the class members in this case and the amount of sales tax withheld for each.

<u>Defendant's Statement</u>:

The Parties negotiated, and the Court approved, two Stipulations and [Proposed] Orders reflecting the Parties' agreements to extend the May 8, 2025 discovery cutoff for two specific purposes: (1) the depositions of Donna Blazewich and Jay Thorpe and any motions arising out of those depositions (Dkt. 82); and (2) "an updated version of the *Ramyead* Spreadsheet, i.e. the same columns but limited to the time frame encompassed by Plaintiffs' class definition." (Dkt. 83, at 1:25-27). On May 1, 2025, the Court approved the Parties' Stipulation and [Proposed] Order for Limited Extension of Fact Discovery (Dkt. 84). Plaintiffs completed the deposition of Donna Blazewich on June 15, 2025. Therefore, the deposition of Jay Thorpe and an updated version of the *Ramyead* spreadsheet are the only remaining fact discovery matters to which State Farm has agreed and the Court has allowed.

**9.    Class Actions:**

<u>Joint Statement</u>: All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiffs' Motion for Class Certification is fully briefed and set to be heard on June 18 at 2:00pm.

**10.     Related Cases:**

<u>Joint Statement</u>:  The Parties are unaware of a related case as that term is defined in Civil Local Rule 3-12.

<u>Plaintiffs' Statement</u>:  Plaintiffs oppose State Farm's contentions below concerning the *Ramyead* Action.

<u>Defendant's Statement</u>:  Defendant filed a Notice of Pendency of Other Action pursuant to Civil Local Rule 3-13 regarding the *Ramyead* Action, which involves overlapping class claims and the same subject matter as this action.  As set forth in Section 2, above, *Ramyead* was affirmed by the Second Appellate District on suit limitations grounds and Plaintiff's petition for review is currently pending before the California Supreme Court.

**11.     Relief:**

Plaintiffs seek the following relief, as set further forth in their Prayer for Relief (*see* Dkt. 41, at pp. 24-25):

   A.  An order certifying this action to proceed as a class action;

   B.  Declaratory relief;

   C.  Injunctive Relief;

   D.  Actual, compensatory, punitive, exemplary, and all other available damages in an amount to be determined at trial;

   E.  All available restitution, in an amount to be determined at trial;

   F.  Pre- and post-judgment interest; and

   G.  Attorneys' fees, expert witness fees, and other recoverable costs.

Defendant denies all liability and damages.

**12.     Settlement and ADR:**

<u>Joint Statement</u>:  The parties do not agree at this time to an ADR method and do not believe ADR would be fruitful at this time.

**13.     Other References:**

<u>Joint Statement</u>:  The parties do not believe any other references are appropriate for this case.

**14.   Narrowing of Issues:**

<u>Joint Statement</u>: The parties agree that any discussion of possible mechanisms to narrow the issues is premature at this time.

**15.   Scheduling**

<u>Joint Statement</u>: The Pretrial Schedule set forth in this Court's Amended Civil Minutes dated 04/23/24 remains in place at this time. [Dkt. 55] That schedule is set forth below:

PRETRIAL SCHEDULE:

Fact discovery cutoff: May 8, 2025
Expert disclosure: June 12, 2025
Expert rebuttal: July 17, 2025
Expert discovery cutoff: August 21, 2025
Dispositive Motions heard by: December 17, 2025
Pretrial Conference: March 2, 2026 at 2:00 p.m.
Trial: April 6, 2026 at 8:30 by Jury

<u>Plaintiffs' Statement</u>:

As noted above, the fact discovery cutoff has already passed, subject to the outstanding discovery and agreements between the Parties discussed above. Additionally, if the Court certifies the proposed class, then a schedule will need to be established to provide notice to the class.

<u>Defendant's Statement</u>:

As stated above under Section 8, State Farm does not agree to any further fact discovery beyond those specific items approved by the Court in its Orders approving the Parties' stipulations entered as docket numbers 82 and 83 on PACER.

Whether the rest of the schedule remains tenable depends greatly on whether a class is certified.

**16.   Trial:**

<u>Joint Statement</u>: Plaintiffs have requested a jury. State Farm reserves the right to object to any jury deciding legal or equitable, as opposed to factual, issues. Plaintiffs anticipate the trial will take five (5) court days. State Farm believes is premature to estimate the length of trial as it will depend upon whether a class is certified.

**17.    Disclosure of Non-Party Interested Entities or Persons:**

<u>Joint Statement</u>:  Plaintiffs filed a Certification of Interested Persons or Entities on May 24, 2023.  (Dkt. 28).  Defendant filed a Certification of Interested Persons or Entities on March 29, 2023.  (Dkt. 14).

**18.    Professional Conduct:**

<u>Joint Statement</u>:  All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to abide by them.

**19.    Such Other Matters as May Facilitate The Just, Speedy and Inexpensive Disposition of This Matter:**

None at this time.

\* \* \*

Dated:  June 11, 2025        COTCHETT, PITRE & MCCARTHY. LLP

By:    */s/ Tyson Redenbarger*
TYSON REDENBARGER
Attorneys for Plaintiffs and the Proposed Class

Dated:  June 11, 2025        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    */s/ Anna McLean*
ANNA S. McLEAN
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-1(i)(3), I hereby certify that the content of this document is acceptable to all signatories to this document, and that I have obtained all signatories' authorization to affix their electronic signatures to this document.

Executed on June 11, 2025, at San Francisco, California.

_____
ANNA S. McLEAN