UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PITKIN and DAN GROUT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:23-CV-00924-WHO<br><br>**CLASS ACTION:**<br><br>**DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN**<br><br>Judge:        Hon. William H. Orrick<br>Magistrate Judge: Hon. Kandis A. Westmore |

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.    My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.    I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.    I am a Senior Vice President of Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Managing Director of Epiq Legal Noticing (aka Hilsoft Notifications), a business unit of Epiq that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

4.    The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq and Epiq Legal Noticing (hereinafter "Epiq").

**OVERVIEW**

5.    This declaration describes the Class Certification Notice Plan ("Notice Plan") and notice (the "Notice" or "Notices") for *Pitkin et al v. State Farm General Insurance Company et al.*, Case No.: 3:23-cv-00924-WHO, in the United States District Court for the Northern District of California.   I previously executed my *Declaration of Cameron R. Azari, Esq. Regarding Notice Plan* ("Notice Plan Declaration") on December 19, 2025, which described the Notice Plan, detailed Epiq's class action notice experience, and attached Epiq's *curriculum vitae.*  I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice programs.

**NOTICE PLAN METHODOLOGY**

6.    Federal Rules of Civil Procedure, Rule 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1]  The Notice Plan satisfied these requirements.

7.    This Notice Plan as designed and implemented reached the greatest practicable number of class members.  The Notice Plan reached approximately 99% of the class with individual notice via email and/or mail.  "Reach" refers to the estimated percentage of the unduplicated audience exposed to the notice. Notice exposure is defined as the opportunity to see a notice.  The reach was further enhanced by a case website.  In my experience, the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances of this case, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

---

[1] Fed. R. Civ. P. 23(c)(2)(B).

[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence

**NOTICE PLAN DETAIL**

8.   On January 9, 2026, the Court granted the *Stipulation and Order to Amend Class Definition* ("Amended Class Certification Order"), which certified the following class:

> All persons who, between March 1, 2019, and the present, were or are a named insured under a property insurance policy issued in California by Defendant, who suffered a covered loss to personal property for which they received payment of actual cash value (ACV) benefits that were reduced due to depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

9.   Subsequently, on February 5, 2026, the Court approved the Notice Plan in the *Order Granting Plaintiffs' Proposal for Dissemination of Notice to the Class* ("Order").  After the Court's Order was entered, Epiq implemented the Notice Plan approved by the Court.  This declaration details the notice activities undertaken to date and explains how and why the Notice Plan was comprehensive and well-suited to reach the class.  This declaration also discusses the administration activity to date.

**NOTICE PLAN**

***Individual Notice***

10.   On February 11, 2026, Epiq received from defense counsel one data file with 41,153 class member records with names, email addresses, and physical addresses, as available, for identified class members ("Dataset").  Epiq de-duplicated and rolled-up the records and loaded the unique, identified class member records into its database for this case.  These efforts resulted in 39,718 unique, identified class member records.  An Email Notice was sent to identified class members with at least one available valid email address (some records had multiple associated email addresses, and an Email Notice was sent to each available address).  A Postcard Notice was mailed to identified class members with an available associated physical address for whom a valid email address was not available, or all Email Notices sent to it were returned as undeliverable after multiple attempts.  The Postcard Notices were mailed via United States Postal Service ("USPS") first class mail.

---

the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . ."); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314) (Rule 23(c)(2) requires the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.)

***Individual Notice – Direct Email***

11. On March 6, 2026, Epiq commenced sending 38,220 Email Notices to 37,730 identified class members for whom a valid email address was available. For class members with multiple valid email addresses, and an Email Notice was sent to each valid email address. In addition, subsequently, on March 26, 2026, Epiq commenced sending 153 Email Notices to the insured attorneys for represented class members. Prior to sending the Email Notices, email validation and hygiene tools were used to standardize the email addresses, verify whether the email addresses were valid, and identify and remove email addresses that were a fraud threat – email addresses maintained by bots, spammers, and phishers. This is a necessary and critical process for the effectiveness of email campaigns today.

12. In addition, the following industry standard best practices were followed. The Email Notices were drafted in such a way that the subject line, the sender, and the body of the message avoided SPAM filters and ensured readership to the fullest extent reasonably practicable. For instance, the Email Notice used an embedded html text format. This format provided easy-to-read text combined with intentional use of some graphic elements, that in our experience increase engagement without increasing the likelihood that the message could be blocked. The Email Notices were sent from an IP address or multiple IP addresses known to major email providers as being associated with a legitimate bulk email sender. A digital signature and unique message identifier were transmitted with each Email Notice, allowing Email Service Providers and Email Monitoring Services to programmatically authenticate that the Email Notices were from authorized email servers. The Email Notice included an embedded link to the case website, and by clicking the link, recipients were able to access the Long-Form Notice and other information about the case. The Email Notice is included as **Attachment 1**.

13. If the receiving email server could not deliver the message, a "bounce code" was returned along with the unique message identifier. For Email Notices for which a bounce code was received indicating that the message was undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, etc., at least two additional attempts were made to deliver the Notice by email. As of June 17, 2026, there are 3,329 undeliverable Email Notices.

*Individual Notice – Direct Mail*

14. On March 9, 2026, Epiq commenced sending (1) 1,988 Postcard Notices to identified class members for whom an associated physical address was available and for whom a valid email address was not available, and (2) 198 Postcard Notices to the attorneys for represented class members. Subsequently, on April 17, 2026, Epiq commenced sending 3,463 Postcard Notices to identified class members for whom an associated physical address was available and for whom an Email Notice was returned as undeliverable after multiple attempts. The Postcard Notice was sent via USPS first class mail. The Postcard Notice clearly and concisely summarized the case and the legal rights of the class members. In addition, the Postcard Notice also directed class members to the case website where they could access additional information. The Postcard Notice is included as **Attachment 2**.

15. Prior to mailing the Postcard Notices, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS.[3] In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

16. The return address on the Postcard Notices is a post office box that Epiq maintains for this case. The USPS automatically forwarded Postcard Notices with an available forwarding address order that had not expired ("Postal Forwards"). Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order had expired, or to better addresses that were found using a third-party lookup service. This process is also commonly referred to as "skip-tracing." Upon successfully locating better addresses, Postcard Notices were promptly re-mailed. As of June 17, 2026, Epiq has remailed two Postcard Notices. As of June 17, 2026, there remain 73 undeliverable

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

Postcard Notices (representing 71 unique Class Member records for whom neither a Postcard nor an Email Notice were deliverable).

17. Additionally, a Long-Form Notice was mailed to all persons who requested one via the toll-free telephone number or other means. As of June 17, 2026, Epiq has mailed three Long-Form Notices as a result of such requests. The Long-Form Notice is included as **Attachment 3**.

### *Notice Results*

18. As of June 17, 2026, an Email Notice and/or Postcard Notice was delivered to 39,647 of the 39,718 unique, identified class members. This means the individual notice efforts reached approximately 99% of the identified class members.

### *Case Website*

19. On March 6, 2026, a case website was established with an easy-to-remember domain name (www.SFSalesTaxDepreciationLawsuit.com) approved by Counsel for both Parties. Class members are able to obtain detailed information about the case and review key documents, including the Complaint, Long-Form Notice, Class Certification Order, and other important court documents. In addition, the case website includes answers to frequently asked questions ("FAQs"), instructions for how class members could opt-out (request exclusion) prior to the deadline, and how to obtain other case-related information. The website address was displayed prominently in all notice documents. As of June 17, 2026, there have been 962 unique visitor sessions to the case website, and 1,498 web pages have been presented.

### *Toll-Free Telephone Number & Contact Information*

20. On March 6, 2026, a toll-free telephone number (1-877-748-5778) was established for the case. Class members are able to call for additional information, listen to answers to FAQs, and request that a Long-Form Notice be mailed to them. The toll-free telephone number was prominently displayed in all notice documents. The automated telephone system is available 24 hours per day, 7 days per week. As of June 17, 2026, there have been 59 calls to the toll-free telephone number representing 149 minutes of use.

21. A postal mailing address was established and continues to be available, providing class members with the opportunity to request additional information or ask questions.

*Requests for Exclusion*

22.  The deadline to request exclusion (opt-out) from the class was May 28, 2026.  As of June 17, 2026, Epiq has received one request for exclusion, which was incomplete.  Regardless, the parties agree that this opt-out may be treated as effective.  The Exclusion Report is included as **Attachment 4**.

## CONCLUSION

23.  In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice program be optimized to reach the class and, in a class certification notice situation such as this, that the notice or notice program itself inform and allow class members to exercise their legal rights.  These requirements were met in this case.

24.  The Notice Plan as designed and implemented reached the greatest practicable number of class members.  With the address updating protocols that were used, the Notice Plan reached approximately 99% of the class with individual notice via email and/or mail.  The reach was further enhanced by a case website.  In 2010, the Federal Judicial Center ("FJC") issued a Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, which is relied upon for federal cases.  This Guide states that, "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%."[4]  Here, we have developed and implemented a Notice Plan that readily achieved a reach at the high end of that standard.

25.  The Notice Plan followed the guidance for how to satisfy due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which are: a) to endeavor to actually inform the class, and b) to demonstrate that notice is reasonably calculated to do so:

    a)  "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

---

[4] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

b) "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

26. The Notice Plan provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rules of Civil Procedure Rule 23, comported with the guidance for effective notice stated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

27. The Notice Plan schedule afforded enough time to provide full and proper notice to class members before the opt-out deadline. Class members were provided with at least 35 days from the notice completion date until the opt-out deadline.[5]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed June 18, 2026.

Cameron R. Azari, Esq.

# Attachment 1

**From:**  Pitkin v. State Farm General Insurance Company - Notice Administrator
<sfsalestaxdepreciationlawsuit@e.epiqnotification.com>

**To:**  ▮▮▮▮▮▮

**Subject:**  State Farm general insurance company court ordered notice of class action lawsuit

*Melissa Pitkin, et al. v. State Farm General Insurance Company*, Case No. 3:23-CV-00924-WHO
United States District Court for the Northern District of California

## If you are or were a named insured under a property insurance policy issued by State Farm General Insurance Company and suffered a covered loss to personal property for which you received a payment of actual cash value benefits between March 1, 2019 and July 15, 2025 that were reduced due to depreciation of sales tax, a class action lawsuit may affect your rights.

A Court has authorized this notice.
This is not a solicitation from a lawyer.
www.SFSalesTaxDepreciationLawsuit.com
1-877-748-5778

This Notice is to inform you of a pending class action lawsuit, known as *Pitkin, et al v. State Farm General Insurance Company*, Case No. 3:23-CV-00924-WHO, in the United States District Court for the Northern District of California against State Farm General Insurance Company ("State Farm" or "Defendant") relating to State Farm's calculation of Actual Cash Value ("ACV") benefits for personal property claims where ACV benefits were reduced due to depreciation of sales tax. The Defendant denies the legal claims in this lawsuit and the Court has not decided who is right or wrong. However, if you are a Class Member, your legal rights are affected, and you have a choice to make now.

**Who is Included?** You are a Class Member if you are a person, who, between March 1, 2019 and July 15, 2025, were or are a named insured under a property insurance policy issued in

California by State Farm, who suffered a covered loss to personal property for which you received payment of actual cash value benefits that were reduced due to depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

**What are my options?** If you are a Class Member, you must choose whether to stay in the Class. If you want to remain in the Class, you do not need to do anything now. If money or benefits are obtained for the Class, you will be notified about how to get your share. You will be bound by all orders and judgments of the Court, whether favorable or not, and you will not be able to sue Defendant for the legal claims at issue in this lawsuit. If you exclude yourself, you will not receive money or benefits if they become available in the future, but you will not be bound by any orders or judgments in this lawsuit. To exclude yourself from the class, you must mail a written request for exclusion, postmarked by May 28, 2026. The Long Form Notice, available at the case website, has more information on how to request to be excluded.

**The Trial.** Plaintiffs will have to prove their legal claims at a trial. The trial has been scheduled for September 8, 2026. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class. Class Counsel will present the case for Plaintiffs and the Class, and lawyers for Defendant will present on their behalf. You or your lawyer may attend the trial at your own expense, but you do not have to. If Class Counsel gets money or benefits for the Class, they may ask the Court for an award of attorneys' fees and expenses. If granted by the Court, their fees and expenses will be deducted from any money obtained for the class or paid separately by Defendant.

This notice is a summary. Learn more at www.SFSalesTaxDepreciationLawsuit.com, or call toll free 1-877-748-5778.

AM404_v07

Copyright © 2026 Pitkin v. State Farm General Insurance Company
Our address is PO Box 2530, Portland, OR 97208-2530, United States

If you do not wish to receive future email, click here.
(You can also send your request to **Customer Care** at the street address above.)

# Attachment 2

Pitkin, et al v. State Farm General Insurance Company
Notice Administrator
PO Box 2530
Portland, OR 97208-2530

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. 2882

Court-Approved Legal Notice
*Pitkin, et al v. State Farm General Insurance Company*
Case No. 3:23-CV-00924-WHO

**If you are or were a named insured under a property insurance policy issued by State Farm General Insurance Company and suffered a covered loss to personal property for which you received a payment of actual cash value benefits between March 1, 2019 and July 15, 2025 that were reduced due to depreciation of sales tax, a class action lawsuit may affect your rights.**

*A Court has authorized this notice. This is **not** a solicitation from a lawyer.*

www.SFSalesTaxDepreciationLawsuit.com
1-877-748-5778

This Notice is to inform you of a pending class action lawsuit, known as *Pitkin, et al v. State Farm General Insurance Company*, Case No. 3:23-CV-00924-WHO, in the United States District Court for the Northern District of California against State Farm General Insurance Company ("State Farm" or "Defendant") relating to State Farm's calculation of Actual Cash Value ("ACV") benefits for personal property claims where ACV benefits were reduced due to depreciation of sales tax. The Defendant denies the legal claims in this lawsuit and the Court has not decided who is right or wrong. However, if you are a Class Member, your legal rights are affected, and you have a choice to make now.

**Who is Included?** You are a Class Member if you are a person, who, between March 1, 2019 and July 15, 2025, were or are a named insured under a property insurance policy issued in California by State Farm, who suffered a covered loss to personal property for which you received payment of actual cash value benefits that were reduced due to depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

**What are my options?** If you are a Class Member, you must choose whether to stay in the Class. If you want to remain in the Class, you do not need to do anything now. If money or benefits are obtained for the Class, you will be notified about how to get your share. You will be bound by all orders and judgments of the Court, whether favorable or not, and you will not be able to sue Defendant for the legal claims at issue in this lawsuit. If you exclude yourself, you will not receive money or benefits if they become available in the future, but you will not be bound by any orders or judgments in this lawsuit. To exclude yourself from the class, you must mail a written request for exclusion, postmarked by **May 28, 2026**. The Long Form Notice, available at the case website, has more information on how to request to be excluded.

**The Trial.** Plaintiffs will have to prove their legal claims at a trial. The trial has been scheduled for **September 8, 2026**. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class. Class Counsel will present the case for Plaintiffs and the Class, and lawyers for Defendant will present on their behalf. You or your lawyer may attend the trial at your own expense, but you do not have to. If Class Counsel gets money or benefits for the Class, they may ask the Court for an award of attorneys' fees and expenses. If granted by the Court, their fees and expenses will be deducted from any money obtained for the class or paid separately by Defendant.

**This notice is a summary. Learn more at www.SFSalesTaxDepreciationLawsuit.com, or call toll free 1-877-748-5778.**

AM3972 v.05

# Attachment 3

*Melissa Pitkin, et al v. State Farm General Insurance Company*, Case No. 3:23-CV-00924-WHO
United States District Court for the Northern District of California

# If you are or were a named insured under a property insurance policy issued in California by State Farm General Insurance Company and suffered a covered loss to personal property for which you received a payment of actual cash value benefits that were reduced due to depreciation of sales tax between March 1, 2019 and July 15, 2025, a class action lawsuit may affect your rights.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A class action lawsuit is pending in the United States District Court for the Northern District of California (the "Court") against State Farm General Insurance Company ("State Farm" or "Defendant") relating to State Farm's calculation of Actual Cash Value ("ACV") benefits for personal property claims where ACV benefits were reduced due to depreciation of sales tax. The lawsuit has been certified by the Court to proceed as a class action on behalf of certain State Farm insureds.

- The Class includes: all persons, who between March 1, 2019 and July 15, 2025, were or are a named insured under a property insurance policy issued in California by Defendant, who suffered a covered loss to personal property for which they received payment of ACV benefits that were reduced due to depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

- The Court has not determined that the Defendant did anything wrong. There is no settlement or money available now, and no guarantee there will be in the future. However, if you are a class member, your legal rights are affected and you have a choice to make now.

**This Notice may affect your rights. Please read it carefully.**

| | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up the right to sue separately.**<br><br>If you are a class member, by doing nothing, you keep the possibility of getting money or benefits that may result from a trial or a settlement. You will give up your right to sue Defendant separately about the same legal claims in this lawsuit, and you will be bound by the outcome of this lawsuit. |
| **ASK TO BE EXCLUDED**<br><br>**POSTMARKED BY MAY 28, 2026** | **Get out of this lawsuit. Get no benefits if any are available in the future. Keep your rights to sue separately.**<br><br>If you ask to be excluded from this lawsuit, you will not be bound by what the Court does in this lawsuit and you will keep any right you might have to sue Defendant separately about the same legal claims in this lawsuit. If money or benefits are later awarded, you will not receive any money or benefits. |

- The Plaintiffs must prove their legal claims against Defendant at trial, unless a settlement is reached. If you do not ask to be excluded from the lawsuit and money or benefits are obtained from Defendant, you will be notified about how to receive your benefits.

**Questions? Go to www.SFSalesTaxDepreciationLawsuit.com or call 1-877-748-5778**

AM4162 v.04

# BASIC INFORMATION

## 1) Why is this Notice being provided?

You received this Notice because the Court has allowed, or "certified" a Class in this lawsuit and your rights may be affected by this lawsuit.

The Court certified a class of persons who, between March 1, 2019 and July 15, 2025 (the "Class Period"), were or are insureds under a property insurance policy issued in California by State Farm, who suffered a covered loss to personal property for which they received payment of ACV benefits that were reduced due to the depreciation of sales tax and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

Judge William H. Orrick of the United States District Court for the Northern District of California is overseeing this class action. The lawsuit is called *Pitkin, et. al. v. State Farm, et al*, No. 3:23-cv-00924-WHO. The individuals who filed this lawsuit are called the "Plaintiffs" and/or "Class Representatives" and the company sued, State Farm General Insurance Company, is called the "Defendant." More information about why the Court is allowing this lawsuit to proceed as a class action is included in the Court's Order Certifying Class, which is available at www.SFSalesTaxDepreciationLawsuit.com.

## 2) Why is the lawsuit a class action?

In a class action, one or more people (called class representatives) sue on behalf of all people who have similar legal claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt out) from the class.

# THE LEGAL CLAIMS IN THE LAWSUIT

## 3) What is this lawsuit about?

The lawsuit alleges Defendant's calculation of ACV payments violated Section 2051(b) of the California Insurance Code which resulted in a breach of the insurance contract issued by State Farm, a breach of State Farm's covenant of good faith and fair dealing and violations of the California Unfair Competition law, during the Class Period.

Defendant denies the Plaintiffs' and class members' legal claims and denies any wrongdoing or liability. Defendant further denies that Plaintiffs and class members suffered any loss as a result of Defendant's calculation of ACV payments. Defendant also asserts that Plaintiffs' and class members' claims are barred or limited by legal defenses.

## 4) Has the Court decided who is right?

The Court has not decided whether Plaintiffs or Defendant are right. By certifying the Class and providing this Notice, the Court has not decided and is not suggesting that Plaintiffs will win or lose this lawsuit. Plaintiffs must prove their legal claims against Defendant at trial.

If a settlement of the lawsuit is reached, it will be subject to approval by the Court. You will be sent notice of any proposed settlement. Members of the Class who have not excluded themselves will have an opportunity to object to any proposed settlement, and have the ability to submit a timely and valid Claim form to request money or benefits, if applicable. You will also be sent notice following any

Questions? Go to www.SFSalesTaxDepreciationLawsuit.com or call 1-877-748-5778

2

AM4163 v.04

judgment that may be entered after the trial of this lawsuit, or for any other reason that the Court may determine is appropriate.

Defendant's Answer to the Complaint is available at www.SFSalesTaxDepreciationLawsuit.com.

## 5)  Is there any money available now?

No money or any other benefits are available now because the lawsuit is ongoing. There is no guarantee that money or any other benefits will be obtained in the future. You will be notified if money or benefits become available.

# WHO IS INCLUDED IN THE CLASS?

## 6)  Am I part of the Class?

The Class, as certified by the Court, consists of:

All persons who, between March 1, 2019 and July 15, 2025 (the "Class Period"), were or are insureds under a property insurance policy issued in California by Defendant, who suffered a covered loss to personal property for which they received payment of actual cash value (ACV) benefits that were reduced due to the depreciation of sales tax, and who were paid or are reasonably certain to be paid benefits in an amount that is less than the applicable policy limits.

Excluded from the Class are any Class Members who timely and validly request exclusion as explained in this Notice.

## 7)  What if I am still not sure whether I am in the Class?

If you are still not sure whether you are included in the Class, you can obtain additional information at www.SFSalesTaxDepreciationLawsuit.com, by calling the Notice Administrator toll-free at 1-877-748-5778, or by writing to the lawyers who are representing the Parties in this lawsuit at the address below.

## 8)  What if my address changed?

If Notice was mailed to you at an old address, or if you move, please notify the Notice Administrator of your current address by writing to:

*Pitkin v. State Farm General Insurance Company.*
Notice Administrator
PO Box 2530
Portland, OR 97208-2530

# YOUR RIGHTS AND OPTIONS

If you are a Class Member, you must decide whether to stay in the Class or ask to be excluded from the Class. If you are a member of the Class and wish to be excluded from the Class, you must follow the requirements below.

## 9)  What happens if I do nothing at all?

If you do nothing and are a Class member, you will be legally bound by all the orders the Court issues and judgments the Court makes in this lawsuit. You do not have to do anything now if you want to

Questions? Go to www.SFSalesTaxDepreciationLawsuit.com or call 1-877-748-5778

3

keep the possibility of obtaining money or any other benefits from this lawsuit in the future. By doing nothing, you are staying in the Class. If you stay in the Class and Plaintiffs obtain money or any other benefit, either as a result of a court ruling or a settlement, you will be notified about how to get your share. If you do nothing now, regardless of whether Plaintiffs win or lose the lawsuit, you will not be able to sue Defendant – as part of any other lawsuit – regarding the same factual circumstances and legal claims that are the subject of this lawsuit. If you choose to remain a member of the Class, you do not need to do anything at this time other than to keep documentation related to any claims or payments from property insurance policies paid during the Class Period. If money or benefits become available in the future, members of the Class may be required to submit a Claim Form with documentation of their claims or payments from property insurance policies paid during the Class Period. For this reason, please be sure to keep all records related to any claims or payments from property insurance policies paid during the Class Period.

### 10) If I am a Class Member, why would I ask to be excluded?

If you want to sue Defendant on your own regarding the same legal claims in this lawsuit, do not want to be bound by what the Court does in this lawsuit, or if you simply do not want to be part of the Class pursuing legal claims against Defendant, you must ask to be excluded from the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class and is sometimes called "opting out" of the Class – you will not be legally bound by the Court's judgments in this class action, and will keep any right you may have to later sue the Defendant regarding the legal claims being made in the lawsuit. If you exclude yourself, you will not get any money or any other benefits from this lawsuit, if there are any in the future.

If you start your own lawsuit against Defendant after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your legal claims. If you do exclude yourself so you can start or continue your own lawsuit against Defendant, you should talk to your own lawyer soon because your *legal claims may be subject to a statute of limitations*, meaning that you may face a deadline after which you cannot sue.

### 11) If I am a Class Member, how do I ask the Court to exclude me from the Class?

Only request exclusion if you do not wish to participate in this lawsuit, wish to keep your rights to pursue your own lawsuit or legal claims, and do not wish to share in any potential money or benefits that the Class may obtain.

**Unless otherwise ordered by the Court, Class Members will not have another opportunity to exclude themselves, or otherwise opt out of this lawsuit**.

If you wish to be excluded from the Class, you must send a written request clearly stating that you request exclusion from the Class in *Pitkin, et al. v. State Farm*, No. 3:23-cv-00924-WHO. Your request for exclusion must include:

1) Your name, address and telephone number;
2) The policy number of any State Farm property insurance policy issued to you during the Class Period;
3) The claim number(s) related to any claim made on any State Farm property insurance policy during the Class Period; and
4) Your personal physical signature or the signature of your authorized representative.

You must mail your exclusion request by USPS First-Class Mail, **postmarked** by **May 28, 2026**, to:

**Questions? Go to www.SFSalesTaxDepreciationLawsuit.com or call 1-877-748-5778**

4

*Pitkin v. State Farm Fire and Casualty Co.*
Notice Administrator
PO Box 2530
Portland, OR 97208-2530

**You cannot exclude yourself from the Class by telephone or by email.**

Your request for exclusion will not be valid unless it contains all of the information described above, and is **postmarked** by **May 28, 2026**, or is otherwise accepted by the Court.

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Class Members or multiple Class Members where the opt out has not been signed by each and every individual Class Member will not be allowed.

# THE LAWYERS REPRESENTING YOU

## 12) Do I have a lawyer in this lawsuit?

As a member of the Class, you will be represented by the law firms Cotchett, Pitre & McCarthy LLP, the Murray Law Firm and Weaver & Currie, P.C. These law firms are called "Class Counsel."

COTCHETT, PITRE & McCARTHY LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
www.cpmlegal.com
Telephone: (650) 697-6000
tredenbarger@cpmlegal.com

WEAVER & CURRIE, P.C.
Jack W. Weaver, Esq.
3554 Round Barn Blvd, Suite 300
Santa Rosa, California 95403
www.weavercurrie.com
Telephone: (707) 433-4842
jack@weavercurrie.com

MURRAY LAW FIRM
Stephen B. Murray, Jr., Esq.
Thomas M. Beh, Esq.
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone: (504) 525-8100
tbeh@murray-lawfirm.com

You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this lawsuit.

## 13) How will Class Counsel be paid?

If Class Counsel gets money or benefits for the Class, they may ask the Court for an award of attorneys' fees and expenses. You will not have to personally pay these attorneys' fees and expenses. If the Court grants Class Counsel's request, the attorneys' fees and expenses will either be deducted from any money obtained for the Class or paid separately by Defendant. If there is no money or benefits obtained for the Class, no attorneys' fees will be requested by Class Counsel.

Questions? Go to www.SFSalesTaxDepreciationLawsuit.com or call 1-877-748-5778

5

AM4166 v.04

## 14) Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. However, if you want your own lawyer, you can hire one at your own expense. If you hire your own lawyer, your lawyer must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the address above by May 28, 2026.

# THE TRIAL

## 15) How and when will the Court decide who is right?

Class Counsel will have to prove Plaintiffs' legal claims at a trial. The trial has been scheduled for September 8, 2026. During the trial, a Jury and the Judge will hear all of the evidence to help them reach a decision about whether Plaintiffs or Defendant are right about the legal claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that they will get any money for the Class.

## 16) Do I have to attend the trial?

No. You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs and the Class, and lawyers for Defendant will present on their behalf. You or your own lawyer may attend at your own expense.

## 17) Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the lawsuit, and you remain in the Class, you will be notified about how to participate to receive money or benefits. It is unknown how long this will take.

# GETTING MORE INFORMATION

## 18) Where can I get more information?

If you would like more detailed information regarding this action, you may contact counsel for the Parties or visit www.SFSalesTaxDepreciationLawsuit.com, by calling 1-877-748-5778 or by writing to:

*Pitkin v. State Farm Fire and Casualty Co.*
Notice Administrator
PO Box 2530
Portland, OR 97208-2530

You also may call the Notice Administrator's toll-free number at 1-877-748-5778.

You may also access the Court docket in this lawsuit, for a fee, through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. To learn about PACER and register for a PACER account, go to https://www.Pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl.

You can also access and retrieve documents from the Court's docket by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT
CLERK'S OFFICE REGARDING THIS NOTICE.**

**Questions? Go to www.SFSalesTaxDepreciationLawsuit.com or call 1-877-748-5778**

# Attachment 4



**Exclusion Report**
*Pitkin v. State Farm General Insurance Co.*

| Number | Tracking Number |
|--------|-----------------|
| 1 | XXXXXXX001 |