FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
ANDREW W. BRITTON (SBN 340052)
abritton@cpmlegal.com
GIA JUNG (SBN 340160)
gjung@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

JACK W. WEAVER (SBN 278469)
jack@weltyweaver.com
**WEAVER CURRIE, PC**
3554 Round Barn Boulevard, Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
Fax: (707) 473-9778

STEPHEN B. MURRAY, JR. (*pro hac vice*)
smurrayjr@murray-lawfirm.com
ARTHUR M. MURRAY (*pro hac vice*)
amurray@murray-lawfirm.com
JESSICA W. HAYES (*pro hac vice*)
jhayes@murray-lawfirm.com
THOMAS M. BEH (*pro hac vice*)
tbeh@murray-lawfirm.com
**MURRAY LAW FIRM**
Hancock Whitney Center
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 525-8100
Fax: (504) 584-5249

WILLIAM H. HEDDEN (SBN 88608)
adjustbill@aol.com
1838 15th Street
San Francisco, CA 94103
Telephone: (415) 850-0042

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA PITKIN and DAN GROUT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendant. | Case No. 3:23-cv-00924-WHO<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE NOS. 1-12**<br><br><br>Judge:     Hon. William H. Orrick<br>Courtroom:  2 – 17th Floor<br>Trial Date:  September 9, 2026 |

**<u>TABLE OF CONTENTS</u>**

**Page**

**<u>OPPOSITION-MOTION IN LIMINE NO. 1</u>**
TO PRECLUDE PLAINTIFFS FROM ARGUING THAT STATE FARM SHOULD HAVE PRODUCED NEWER OR MORE INFORMATION RE POTENTIAL CLASS MEMBER CLAIMS ........................................................................................................................... 1

**<u>OPPOSITION-MOTION IN LIMINE NO. 2</u>**
EXCLUDE EVIDENCE OR TESTIMONY REGARDING THE "SALES TAX DEPRECIATION" COLUMN IN THE XACTCONTENTS® PORTION OF THE COMBINED *PITKIN* DATASET ........................................................................................ 7

**<u>OPPOSITION-MOTION IN LIMINE NO. 3</u>**
EXCLUDE IRRELEVANT AND PREJUDICIAL FAMILY PHOTOS ....................................... 10

**<u>OPPOSITION-MOTION IN LIMINE NO. 4</u>**
EXCLUDE EVIDENCE OR ARGUMENT REGARDING A STANDALONE CLAIM FOR ATTORNEYS' FEES UNDER SECTION 1021.5 .......................................................... 11

**<u>OPPOSITION-MOTION IN LIMINE NO. 5</u>**
PRECLUDE EVIDENCE OR ARGUMENT RE PREJUDGMENT INTEREST ........................ 13

**<u>OPPOSITION-MOTION IN LIMINE NO. 6</u>**
PRECLUDE EVIDENCE OR ARGUMENT REGARDING THE COURT'S SUMMARY JUDGMENT FINDINGS OF UNFAIRNESS AND UNLAWFULNESS UNDER THE UCL .... 13

**<u>OPPOSITION-MOTION IN LIMINE NO. 7</u>**
PRECLUDE EVIDENCE OR ARGUMENT SUGGESTING A VIOLATION OF THE FAIR CLAIMS SETTLEMENT PRACTICES REGULATIONS ........................................... 15

**<u>OPPOSITION-MOTION IN LIMINE NO. 8</u>**
EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE UNRELATED CDI ENFORCEMENT PROCEEDING AND ACCUSATION ............................................. 17

**<u>OPPOSITION-MOTION IN LIMINE NO. 9</u>**
EXCLUDE GARZA DEPOSITION ................................................................................. 18

**<u>OPPOSITION-MOTION IN LIMINE NO. 10</u>**
EXCLUDE CLAIMS ADMINISTRATOR, CAMERON AZARI ...................................... 19

**<u>OPPOSITION-MOTION IN LIMINE NO. 11</u>**
PERMIT TESTIMONY OF ATTORNEY JACK WEAVER IF NEEDED ............................ 21

**<u>OPPOSITION-MOTION IN LIMINE NO. 12</u>**
PERMIT JAY THROPE TO TESTIFY REMOTELY ...................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Asacol*
  907 F.3d 42 (1st Cir. 2018) ..................................................................................................... 20

*Asea, Inc. v. S. Pac. Transp. Co.*
  669 F.2d 1242 (9th Cir. 1981) .............................................................................................. 2, 3

*ATS Products, Inc. v. Champion Fiberglass, Inc.*
  309 F.R.D. 527 (N.D. Cal. 2015) ............................................................................................ 22

*Blackburn v. United Parcel Serv., Inc.*
  179 F.3d 81 (3d Cir. 1999) ...................................................................................................... 8

*Blockchain Innovation, LLC v. Franklin Res., Inc.*
  2025 WL 1002798 (N.D. Cal. Apr. 3, 2025) ........................................................................... 13

*Brae Transp., Inc. v. Coopers & Lybrand*
  790 F.2d 1439 (9th Cir. 1986) .................................................................................................. 6

*Brandt v. Superior Ct.*
  37 Cal. 3d 813 (1985) ............................................................................................................. 12

*Brown v. DirecTV, LLC*
  562 F. Supp. 3d 590 (C.D. Cal. 2021) ..................................................................................... 7

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
  20 Cal. 4th 163 (1999) ............................................................................................................ 16

*Cimino v. Raymark Indus., Inc.*
  151 F.3d 297 (5th Cir. 1998) .................................................................................................. 21

*Concept Enters., Inc. v. Hartford Ins. Co. of the Midwest*
  2001 WL 34050685 (C.D. Cal. May 22, 2001) ....................................................................... 12

*Cordoba v. DIRECTV, LLC*
  942 F.3d 1259 (11th Cir. 2019) .............................................................................................. 20

*Eisen v. Carlisle & Jacquelin*
  417 U.S. 156 (1974) ................................................................................................................ 20

*Faigin v. Kelly*
  184 F.3d 67 (1st Cir. 1999) .................................................................................................... 15

*Gulliford v. Thrash*
  8 F. App'x 766 (9th Cir. 2001) ................................................................................................ 14

*Hartford Accident & Indemnity Co. v. Continental National American Insurance Cos.*
  861 F.2d 1184 (9th Cir. 1988).................................................................................... 16

*Hickman v. Taylor*
  329 U.S. 495 (1947) ..................................................................................................... 22

*In re Homestore.com, Inc. Securities Litigation*
  347 F.Supp.2d 769 (C.D. Cal. 2004).............................................................................. 8

*HS Props., LLC v. Steadfast Ins. Co.*
  2026 WL 1046459 (C.D. Cal. Feb. 9, 2026) ................................................................... 8

*Jimenez v. Allstate Ins. Co.*
  765 F.3d 1161 (9th Cir. 2014)....................................................................................... 23

*Lopez v. Pama Mgmt., Inc.*
  2017 WL 4685009 (C.D. Cal. Oct. 17, 2017) ............................................................ 4, 5

*Luce v. United States*
  469 U.S. 38 (1984) ................................................................................................. 10, 17

*Lumpkin v. Friedman*
  131 Cal.App.3d 450 (1982)............................................................................................. 4

*M2 Software, Inc. v. M2 Commc'ns*
  L.L.C., 217 F.R.D. 499 (C.D. Cal. 2003)..................................................................... 2, 3

*Maljack Productions., Inc. v. GoodTimes Home Video Corp.*
  81 F.3d 881 (9th Cir. 1996)............................................................................................. 8

*Massachusetts Mutual Life Insurance Co. v. Cerf*
  177 F.R.D. 472 (N.D. Cal. 1998) .................................................................................. 22

*McCalla v. Royal MacCabees Life Ins. Co.*
  369 F.3d 1128 (9th Cir. 2004)....................................................................................... 13

*McConnell v. Wal-Mart Stores, Inc.*
  995 F. Supp. 2d 1164 (D. Nev. 2014) ........................................................................... 10

*Meta Platforms, Inc. v. BrandTotal Ltd.*
  605 F. Supp. 3d 1218 (N.D. Cal. 2022) .......................................................................... 4

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*
  454 F. Supp. 2d 966 (C.D. Cal. 2006)............................................................................. 8

*Moradi-Shalal v. Fireman's Fund Insurance Co.*
  46 Cal. 3d 287 (1988).................................................................................................... 16

*Mullins v. Direct Digital, LLC*
    795 F.3d 654 (7th Cir. 2015) .................................................................................... 23

*Navellier v. Sletten*
    262 F.3d 923 (9th Cir. 2001) .................................................................................... 15

*Nipper v. Snipes*
    7 F.3d 415 (4th Cir. 1993) ........................................................................................ 15

*Nitsch v. DreamWorks Animation SKG Inc.*
    315 F.R.D. 270 (N.D. Cal. 2016) ............................................................................ 23

*Ohler v. United States*
    529 U.S. 753 (2000) .................................................................................................. 17

*Old Chief v. United States*
    519 U.S. 172 (1997) .................................................................................................. 23

*Orr v. Bank of Am., NT & SA*
    285 F.3d 764 (9th Cir. 2002) ...................................................................................... 8

*Pac. Grp. v. First State Ins. Co.*
    841 F. Supp. 922 (N.D. Cal. 1993), rev'd, 62 F.3d 1425 (9th Cir. 1995) ............... 12

*Ramirez v. ITW Food Equip. Grp. LLC*
    2018 WL 5816093 (C.D. Cal. July 3, 2018) .............................................................. 9

*Robinson v. U-Haul Co. of California*
    4 Cal. App. 5th 304 (2016) ....................................................................................... 11

*Roes, 1-2 v. SFBSC*
    944 F.3d 1035 (9th Cir. 2019) .................................................................................. 20

*S.G. Blocks, Inc. v. HOLA Comty Partners*
    2023 WL 3312500 (C.D. Cal. May 8, 2023) .............................................................. 9

*Sanchez v. City of Santa Ana*
    915 F.2d 424 (9th Cir. 1990) .................................................................................... 14

*Sell v. Country Life Ins. Co.*
    189 F. Supp. 3d 925 (D. Ariz. 2016) .......................................................................... 5

*Shelton v. Am. Motors Corp.*
    805 F.2d 1323 (8th Cir. 1986) .................................................................................. 22

*Singh v. Gonzales*
    491 F.3d 1019 (9th Cir. 2007) ................................................................................ 4, 5

*Snyder v. Whittaker Corp.*
    839 F.2d 1085 (5th Cir.1988) ..................................................................................... 8

*Stacy v. Colvin*
825 F.3d 563 (9th Cir. 2016) ............................................................................................ 14

*Stebbins v. Gonzales*
3 Cal. App. 4th 1138 (1992) ............................................................................................. 12

*Unicolors, Inc. v. H&M*
52 F.4th 1054 (9th Cir. 2022) .......................................................................................... 20

*Union Mut. Life Ins. Co. v. Chrysler Corp.*
793 F.2d 1 (1st Cir. 1986) ................................................................................................. 8

*United States v. Hankey*
203 F.3d 1160 (9th Cir. 2000) ..................................................................................... 6, 15

*United States v. Lizarraga-Tirado*
789 F.3d 1107 (9th Cir. 2015) ......................................................................................... 10

*United States v. Montgomery*
384 F.3d 1050 (9th Cir. 2004) ........................................................................................... 9

*United States v. Pac. Gas & Elec. Co.*
178 F. Supp. 3d 927 (N.D. Cal. 2016) ............................................................................. 10

*United States v. Prantil*
764 F.2d 548 (9th Cir. 1985) ........................................................................................... 22

*United States v. Rizk*
660 F.3d 1125 (9th Cir. 2011) ........................................................................................... 9

*United States v. Sullivan*
2022 WL 3716594 (N.D. Cal. Aug. 28, 2022) ................................................................. 21

*United States v. Tank*
200 F.3d 627 (9th Cir. 2000) ............................................................................................. 8

*United States v. Yang*
2019 WL 5536213 (N.D. Cal. Oct. 25, 2019) .................................................................. 10

*In re Vaxart, Inc. Sec. Litig.*
824 F. Supp. 3d 971 (N.D. Cal. 2026) ............................................................................. 20

*Wal-Mart Stores, Inc. v. Dukes*
564 U.S. 338 (2011) ......................................................................................................... 20

*Wyatt Tech. Corp. v. Malvern Instruments, Inc.,*
2010 WL 11505684 (C.D. Cal. Jan. 25, 2010), *aff'd in part*, 526 F. App'x 761
(9th Cir. 2013) .................................................................................................................... 6

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ................................................................................ 20

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................................ 16

Cal. Bus. & Prof. Code § 17210 ................................................................................ 16

Cal. Civ. Pro. § 1021.5 ...................................................................................... 11, 12

California, Evidence Code § 412 ................................................................................. 4

California, Evidence Code § 413 ................................................................................. 4

Insurance Code § 790.03(h) ...................................................................................... 16

**Rules**

Fed. R. Civ. P. 23 .............................................................................................. 12, 20

Fed. R. Civ. P. 26 .............................................................................................. 12, 20

Fed. R. Civ. P. 37 ................................................................................................ 4, 5

Fed. R. Evid. 401 ................................................................................................... 23

Fed. R. Evid. 402 ................................................................................................... 23

Fed. R. Evid. 403 .............................................................................................*passim*

Fed. R. Evid. 408 ................................................................................................... 23

Fed. R. Evid. 801 ............................................................................................. 8, 9, 10

Fed. R. Evid. 901 .................................................................................................... 8

Local Rule 11-4(a)(1) ............................................................................................... 22

California Rules of Professional Conduct Rule 3.7 ........................................................ 22

**Other Authorities**

Hiroshi Motomura, *Using Judgments as Evidence*, 70 Minn. L. Rev. 979, 1038
  (1986) ................................................................................................................ 15

Rutter Group, 30B Fed. Prac. & Proc. Evid. § 6773 (2026 ed.) ........................................ 9

Rutter Group, 31 Fed. Prac. & Proc. Evid. § 7105 Subdivision (b) (2d ed.) n.6 .................... 8

CACI 204 ............................................................................................................... 4

**INTRODUCTION**

Plaintiffs Melissa Pitkin and Dan Grout, on behalf of themselves and the certified class, respectfully submit these Oppositions to Defendant State Farm's Motions in Limine. *See* ECF 181.

**OPPOSITION-MOTION IN LIMINE NO. 1**

**To Preclude Plaintiffs from Arguing that State Farm Should Have Produced Newer or More Information Re Potential Class Member Claims**

State Farm incorrectly argues that Plaintiffs will "attempt to fill evidentiary gaps in their case at trial by suggesting to the jury that State Farm should have produced additional documents." ECF 195 at 1. That assertion is wrong, and Plaintiffs have no intention of making any such argument. Instead, the relevant threshold issue is whether it is appropriate for State Farm to claim its own data is unreliable. It is not. As explained below, the relevant issue is whether the Court should preclude State Farm from taking advantage of its own discovery abuses. It should.

However, *if* State Farm is allowed to argue that its own data is unreliable or inadequate, Plaintiffs must be permitted to argue for an adverse inference against State Farm. An adverse inference is appropriate because any allegedly "better" evidence was within the exclusive control of State Farm, but State Farm failed to produce that "better" evidence to support its defenses despite Plaintiffs' requests. Thus, this Court should instruct the jury that it may assume the unproduced or missing information was unfavorable to State Farm.

**Background**. In discovery, Plaintiffs requested information sufficient to identify the class and their damages. *See* Ex. A,[1] *e.g.*, Requests 62-67. The parties then disputed what information was responsive. Ultimately, State Farm offered to produce the dataset generated in the *Ramyead* class action in response to Plaintiffs' requests. *See* Ex. B. During meet and confer, State Farm represented that:

> the confidential Excel file that it produced in the *Ramyead* class action, **which reflected State Farm's best efforts to gather putative class member** information in the *Ramyead* case over years of litigation centered on the same legal issue raised by Plaintiffs' complaint. That spreadsheet contained nearly 50 data fields, including 21 data fields from Verisk's XactContents platform.

---

[1] "Ex. __" refers to the exhibits attached to the Declaration of Tyson Redenbarger, filed in support of this opposition.

Ex. B page 2 (emphasis added).  State Farm further confirmed that "*we are unaware of any other database that would house data <u>relevant to the claims or defenses in this case</u>*, as the *Ramyead* spreadsheet reflected State Farm best efforts to gather potential putative class member information over years of litigation and contained fields from ECS and XactContents only."  Ex. B page 3 (emphasis added).  Plaintiffs justifiably relied on these representations.  *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (the discovery process is subject to the overriding limitation of good faith); *M2 Software, Inc. v. M2 Commc'ns*, L.L.C., 217 F.R.D. 499, 500 (C.D. Cal. 2003) (refusing to rigidly enforce discovery cutoff given movant relied to its detriment on representations from opposing counsel).

Plaintiffs also requested documents that supported each of State Farm's defenses, including standing, suit limitations, policy limitations, offsets, and releases.  Ex. A, requests 38-51.  On November 13, 2023, State Farm *refused* to produce any documents supporting its affirmative defenses. *Id.*

In 2025, Plaintiffs sought an updated class spreadsheet containing information that covered the time frame and class members in this case.  Following another dispute over the discovery, State Farm again confirmed that the *Ramyead* dataset contained all of the relevant information, and that it "*reflects State Farm's best efforts to gather putative class member information* in the *Ramyead* case over several years centered on the same legal issue raised in Plaintiffs' complaint."  Ex. C, page 6 (emphasis added).  Plaintiffs again relied on this representation.  *Asea, Inc.*, 669 F.2d at 1246.  To resolve the dispute and avoid Court involvement, the parties then stipulated that State Farm would produce a spreadsheet containing the *Ramyead* data with updated information relating to this case if the Court granted class certification.  ECF 84.

On July 15, 2025, the Court granted class certification, and on August 14, 2025, State Farm produced the "Combined Pitkin Dataset" that, as represented by State Farm, reflected "*State Farm's best efforts to gather putative class member information.*"  *Id.*  In the recently filed proposed jury instructions, State Farm reiterates to the Court that the Combined Pitkin Dataset is the best information:  "*There is no evidence that State Farm could have provided better data from third-party Verisk's systems or from its own ECS system when that dataset was created*."  ECF 191 at

58, 60, proposed instructions 39, 40, 41 (emphasis added).

State Farm's Motion in Limine No. 1 now argues that the "Court should preclude Plaintiffs from arguing at trial that State Farm should have produced newer or more information regarding potential class member claims, or that the absence of such information in the record implies that it does not exist." ECF 195 at 1. This Court should reject these arguments, which mischaracterize Plaintiffs' arguments, the record in this case, State Farm's own representations, and the law.

**State Farm Mischaracterizes Plaintiffs' Arguments.** Contrary to State Farm's assertion, Plaintiffs are not arguing that State Farm should have produced newer or more information regarding potential class member claims. Plaintiffs will use their own claim records and the 2025 Combined Pitkin Dataset to establish that the class was damaged by State Farm's practice of depreciating sales tax. These records prove that Plaintiffs and the class had a covered loss, sales tax was depreciated, and Plaintiffs and the class were harmed by receiving an unlawfully reduced payment. Plaintiffs do not intend to argue that State Farm "should have produced newer or more information regarding potential class member claims."

Indeed, Plaintiffs relied on State Farm's representation that the Combined Pitkin Dataset contained all of the relevant data because State Farm was unaware of "***any other database that would house data relevant to the claims or defenses in this case***." Ex. B, page 3 (emphasis added). Plaintiffs justifiably relied on these representations. *Asea, Inc.*, 669 F.2d at 1246; *M2 Software, Inc.,* 217 F.R.D. at 500 (C.D. Cal. 2003); *ProDox, LLC v. Pro. Document Servs*., Inc., 341 F.R.D. 679, 685–86, fn 11 (D. Nev. 2022), objections overruled, 2022 WL 2275185 (D. Nev. June 22, 2022) (improper to use an attorney's misrepresentation to gain a litigation advantage). It is, therefore, as a threshold matter, prejudicial and inaccurate for State Farm to suggest or argue to the jury that "better" evidence was available. Accordingly, Plaintiffs will present the 2025 Combined Pitkin Dataset as reliable evidence of class damages in this case.

The inquiry should stop here. Based on the record, State Farm should be precluded from arguing that the 2025 Combined Pitkin Dataset is *inadequate or unreliable*.[2] However, if State Farm

---

[2] Plaintiffs filed their own MILs to exclude these arguments altogether. *See* Plaintiffs MILs 2 and 9. If those motions are granted, State Farm's Motion in Limine No. 1 is moot.

is allowed to make these speculative and improper arguments, Plaintiffs are entitled to argue that the jury should consider the ability of each party to provide evidence, and given that State Farm was in a better position to provide the information, but failed, the jury may infer that the missing evidence would have been unfavorable to State Farm.  *See* Plaintiffs proposed jury instructions 39, 40, 41.

These "adverse inference" arguments, and the related jury instructions, are appropriate under both Federal and California law.  In Federal court, when "a party has relevant evidence in his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him."  *Singh  v. Gonzales*, 491 F.3d 1019, 1024 (9th Cir. 2007).  Under Rule 37(b), "a court has authority to instruct a jury that it may make an inference with respect to certain factual matters based on a party's failure to produce evidence on those factual matters."  *Lopez v. Pama Mgmt., Inc.*, 2017 WL 4685009, at *3 (C.D. Cal. Oct. 17, 2017) (internal citations omitted).  Where "a party fails to produce [evidence] ... the fair inference is that that evidence would have weighed against the party who held it back."  *Id.*; *see also Meta Platforms, Inc. v. BrandTotal Ltd.*, 605 F. Supp. 3d 1218, 1239 (N.D. Cal. 2022) (court determined that California's CACI 204 instruction was appropriate, allowing the jury to infer that the video was unfavorable to the defense).

In California, Evidence Code Sections 412 and 413 allow a jury to weigh evidence based on whether a party was in a position to produce better evidence or failed to explain evidence against them.  *See* Cal. Evid. Code, §§ 412, 413.  Such inferences are appropriate when a party fails to produce evidence that he or might reasonably be expected to produce.  *Lumpkin v. Friedman,* 131 Cal.App.3d 450, 456 (1982).

Here, Plaintiffs are not arguing State Farm should have produced newer or more evidence. Instead, *if* State Farm is permitted to criticize its own data, and allude to speculative and unproduced information as *allegedly* "better" data, Plaintiffs must be permitted to argue that State Farm was in a better position to provide the information, failed, and that the evidence would have been unfavorable to State Farm.  It also bears repeating that State Farm is an insurance company, and tracking claim data and payments is central to its business.  It is absurd for State Farm to argue its data is somehow *inadequate or unreliable.* Based on the record here, including State Farm's discovery conduct, such an inference is more than appropriate.

State Farm cites *Glover v. BIC* for the proposition that an adverse inference is only available when the party is on notice of the relevance of the evidence. ECF 195 at 3. But State Farm was clearly on notice here. In discovery, Plaintiffs asked for evidence identifying the class and its damages. *See* Ex. A. State Farm ultimately produced the Combined Pitkin Dataset and confirmed it was the best and most relevant information and there was no other relevant data. *See* Ex. B. If State Farm now seeks to assert that *there is* relevant data, but it's missing from the dataset, that is a blatant discovery abuse, worthy of a sanction, including an adverse inference.[3]

State Farm also cites *Akiona v. United States*, but that case is inapplicable as it concerns the destruction of evidence, which is not at issue here. 938 F.2d 158, 160 (9th Cir. 1991). State Farm also cites *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, which discussed improper statements that suggested the defendant had something to hide. 652 F. Supp. 3d 1098, 1103 (C.D. Cal. 2023). That is not the circumstance here.

Rather, *if* State Farm is allowed to argue the Combined Pitkin Dataset is somehow *inadequate or unreliable* (despite its representations to the contrary), Plaintiffs intend to prove and argue to the jury that even if the missing evidence exists, that the data is in the possession of State Farm and State Farm did not provide the information, thus, the jury should infer that the information was unfavorable to State Farm. Under these circumstances, such an evidentiary argument and adverse inference is perfectly acceptable. Jurors are entitled to, and do, weigh the evidence and consider whether either side has met its burdens. Accordingly, because State Farm represented that the Combined Pitkin Dataset was the best evidence, while also failing to present the evidence that purportedly supports its defenses, an adverse inference is appropriate here. *See Singh*, 491 F.3d at 1024; *Lopez*, 2017 WL 4685009, at *3.

**State Farm's "No Duty to Volunteer" and Other Discovery Arguments Fail.** State Farm's argument that it has no duty to volunteer information at trial incorrectly assumes Plaintiffs

---

[3] Rule 37 allows courts to impose sanctions for the failure to disclose relevant information or preclude that party from using the undisclosed information; sanctions may also include payment of fees and expenses. Fed. R. Civ. P. 37(c). *See also Sell v. Country Life Ins. Co.*, 189 F. Supp. 3d 925, 945 (D. Ariz. 2016) (sanctions granted for "deceiving and misleading Plaintiff and the Court.")

did not request the relevant information during discovery. As the record makes clear, Plaintiffs made numerous requests for information that would identify the class members and the damages they suffered. *See* Ex. A, *see e.g.,* requests 62-67. State Farm's correspondence confirms that it had a duty to respond to those requests and in fact did respond, including by representing to Plaintiffs that the *Ramyead* spreadsheet "***reflected State Farm's best efforts to gather putative class member*** information" and that State Farm was "***unaware of any other database that would house data relevant to the claims or defenses in this case.***" Ex. B page 2, 3 (emphasis added). Plaintiffs are not asking State Farm to volunteer additional information at trial—quite the opposite. *See* Plaintiffs MIL No. 2. Plaintiffs intend to use the information that was properly produced during discovery, including the Combined Pitkin Dataset, to prove their claims.

State Farm's 403 argument also fails. Simply because a fact is damaging does not mean it is prejudicial and should be excluded. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). Plaintiffs do not intend to argue or suggest that State Farm's data is inadequate or unreliable. State Farm does. And if it insists on making that argument, and is allowed to, Plaintiffs are entitled to argue that (i) it is State Farm's own data; (ii) State Farm has exclusive access to it; (iii) State Farm could have provided any data it wanted, including data that supports *its defenses*; but (iv) it did not. Those are relevant facts and should not be excluded under 403.

Given that Plaintiffs are not requesting nor will reference unproduced information or mention hypothetical discovery disputes, the cases State Farm cites are not relevant to this issue and are thus inapplicable. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (discovery question relating to requests in memoranda and declarations to a need for discovery); *Wyatt Tech. Corp. v. Malvern Instruments, Inc.,* 2010 WL 11505684, at *16 (C.D. Cal. Jan. 25, 2010), *aff'd in part*, 526 F. App'x 761 (9th Cir. 2013) (both parties are precluded from bringing any discovery disagreements to light at trial.)

Lastly, State Farm argues that this issue is a discovery grievance Plaintiffs failed to raise during the case. ECF 195 at 3. It is not. Plaintiffs will try this case on the evidence properly

produced during discovery. The fact that State Farm failed to produce evidence that supports its claimed defenses is a fact Plaintiffs intend to show the jury. Moreover, if any party was engaged in discovery abuse, it is State Farm. Representing to Plaintiffs that the combined data "*reflected State Farm's best efforts to gather putative class member information*" and that State Farm was "*unaware of any other database that would house data relevant to the claims or defenses in this case,*" only to later claim that same data was unreliable, is sanctionable. *See* Ex. B, pages 2, 3 (emphasis added). At a minimum, if the Court allows the arguments, Plaintiffs must be able to show the jury that State Farm failed to produce any of the allegedly "better" evidence that was within its control, and therefore, if such evidence existed, it was unfavorable to State Farm.

Separately, to the extent some class claims may have developed (*i.e.,* additional payments), those calculations can be resolved during the claims process. *See* Plaintiffs' MIL No. 10; *Brown v. DirecTV, LLC*, 562 F. Supp. 3d 590, 602 (C.D. Cal. 2021) (identifying and determining damages after trial and during the claims process is appropriate under Ninth Circuit law).

### OPPOSITION-MOTION IN LIMINE NO. 2

**Exclude Evidence or Testimony Regarding The "Sales Tax Depreciation" Column in the XactContents® Portion of the Combined *Pitkin* Dataset**

Through Motion in Limine No. 2, State Farm seeks to exclude a single column from claims data it developed and produced in discovery. Specifically, State Farm asks this Court to cherry-pick and exclude the "sales tax depreciation" column, which is *the most relevant* column out of more than fifty columns collected by State Farm. The Court should deny Defendant's attempt to conceal highly relevant evidence from the jury.

State Farm collected the data, either from its Enterprise Claim System ("ECS") or from the XactContents tool through its agent/vendor (Verisk Analytics) under the exclusive direction of State Farm. State Farm then produced the Combined Pitkin Dataset as a document responsive to Plaintiffs' requests and confirmed the combined data "*reflected State Farm's best efforts to gather putative class member information.*" Ex. B. Yet now, on the eve of trial, State Farm contends that the sales tax depreciation column is "irrelevant" and should be excluded. ECF 195 at 5. That argument is both highly prejudicial and incorrect.

First, State Farm's objection to the authentication and/or foundation of the column is misplaced. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 971–72 (C.D. Cal. 2006), Fed. R. Evid. 901(a). "[T]he rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *Id.*, citing *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (internal quotation marks and citations omitted). Additionally, the foundational requirements of personal knowledge do not apply to evidence deemed non-hearsay under Rule 801(d)(2). *HS Props., LLC v. Steadfast Ins. Co.,* 2026 WL 1046459, at *8 (C.D. Cal. Feb. 9, 2026) citing *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 96 (3d Cir. 1999) ("Admissions by a party-opponent need not be based on personal knowledge to be admitted under Rule 801(d)(2)."); *Union Mut. Life Ins. Co. v. Chrysler Corp.*, 793 F.2d 1, 8–9 (1st Cir. 1986) (same).

In *Maljack Productions., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n. 12 (9th Cir. 1996), the Ninth Circuit ruled that the authentication requirement was satisfied where the documents at issue were produced in discovery by the plaintiff and offered into evidence by the defendant. *Id.* Although the parties are flipped – State Farm created and produced the spreadsheet, and Plaintiffs will offer it into evidence – the conclusion is the same. *See In re Homestore.com, Inc. Securities Litigation*, 347 F.Supp.2d 769, 781 (C.D. Cal. 2004); *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir.1988) (holding notes were authenticated when the party resisting admissibility produced them in discovery and admitted that the author was its employee.) *See also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002), citing *Maljack* and *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir.1988) (same); Rutter Group, § 7105 General Rule of Subdivision (b), 31 Fed. Prac. & Proc. Evid. § 7105 (2d ed.) n.6 ("Authentication can also be accomplished through judicial admissions such as ... production of items in response to ... [a] discovery request.").

Additionally, State Farm is incorrect that witnesses are unable to authenticate the dataset. Anticipated trial witnesses, Mr. Thorpe and the Verisk 30(b)(6) witness, can easily satisfy the foundational requirements to make the dataset admissible. Moreover, if State Farm believes that

there are questions about the sales tax depreciation column, it can ask witnesses on the stand. Excluding the column, however, is not appropriate.

State Farm's reliance on *S.G. Blocks, Inc. v. HOLA Comty Partners*, 2023 WL 3312500 (C.D. Cal. May 8, 2023) is misplaced. First, the issue presented was whether S.G. Blocks, a third-party plaintiff, was entitled to a default judgment as it related to, *inter alia,* the proof of damages. In *S.G. Blocks*, the exhibit at issue – a spreadsheet – was presented "without [the proponent] providing further information about the source of the spreadsheet." *Id*. at *8. In rejecting the admissibility of the proffered spreadsheet, the court stated that "because [proponent] does not specify the source of the spreadsheet, the court cannot determine the origin of the numbers on the spreadsheet." *Id*. There is no such question of the origin of the spreadsheet data at issue – it was maintained, collected, and produced by State Farm or at the direction of State Farm.

Second, State Farm has failed to prove that admission of the complete Combined Pitkin Dataset is *unfairly* prejudicial. Simply because the subject evidence may be prejudicial to State Farm's position does not mean that it should be excluded under Rule 403, as Rule 403 requires that the probative value be *substantially outweighed* by *unfair* prejudice. *See* Fed. R. Evid. 403. *Ramirez v. ITW Food Equip. Grp. LLC,* 2018 WL 5816093, at *4 (C.D. Cal. July 3, 2018). In this case, State Farm has not, and cannot, show that admission of the Combined Pitkin Dataset, or any particular column, would unfairly prejudice its defenses, as State Farm itself collected and produced the spreadsheet. Such a conclusion is further supported by the fact that State Farm retains the opportunity to explore its contentions regarding the spreadsheet on cross-examination. *United States v. Rizk*, 660 F.3d 1125, 1133 (9th Cir. 2011), citing *United States v. Montgomery,* 384 F.3d 1050, 1062 (9th Cir. 2004) (explaining that exhibit was not unfairly prejudicial because "defendants had notice of the exhibit and an opportunity to cross-examine").

The Combined Pitkin Dataset also qualifies as an admission under Rule 801. "The only question is did the statements come from the party's mouth, pen, keyboard, etc. If the answer is yes, and the statements are offered by the opposing party, the statements qualify for admission under Rule 801(d)(2)(A)." Rutter Group, 30B Fed. Prac. & Proc. Evid. § 6773 (2026 ed.). Moreover, State Farm manifested that it adopted or believed it to be true when it produced this as part of the

Combined Pitkin Dataset, and represented that it "***reflected State Farm's best efforts to gather putative class member information.***"  Ex. B.  A statement is also admissible under Rule 801(d)(2)(B) and 801(d)(2)(D) given that it was made by an agent – here Verisk – within the scope of agency, regardless of the precise contractual relationship.  Under this analysis, the subject column is admissible.

Lastly, State Farm argues that the data in the "Sales Tax Depreciation" column is subject to exclusion as hearsay.  This is incorrect.  Computer-generated data is not hearsay because it is not a statement by a "person."  FRE 801(a); *United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1110 (9th Cir. 2015).  Additionally, Federal Rule of Evidence 801(d)(2) specifically excludes some statements from the definition of "hearsay," including statements offered against an opposing party which were (A) made by the party in an individual or representative capacity; (B) is one that the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) and was made by the parties agent or employee on a matter within the scope of that relationship and while it existed.  The column captioned as "Sales Tax Depreciation," falls directly within these exceptions and is not hearsay.

### OPPOSITION-MOTION IN LIMINE NO. 3

**Exclude Irrelevant and Prejudicial Family Photos**

State Farm next seeks to exclude certain photographs of Plaintiffs' property, both before and after the fire, questioning their relevance and claiming they are prejudicial.  State Farm makes this blanket assertion prior to any evidence being presented.  In many instances, however, rulings on motions in limine "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."  *United States v. Yang*,  2019 WL 5536213, at *1 (N.D. Cal. Oct. 25, 2019), citing *United States v. Pac. Gas & Elec. Co*., 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016).  For example, in order to exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds."  *Id*., citing *McConnell v. Wal-Mart Stores, Inc*., 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014).  Further, in limine rulings are preliminary and "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer."  *Luce v. United States*, 469 U.S. 38, 41-42 (1984).  A district

court retains continuing authority to revisit its evidentiary rulings throughout trial.

However, in light of the Court's prior rulings, including the rulings on the parties' motions for summary judgment, Plaintiffs do not presently intend to offer some of the subject photographs – identified as Exhibits 41-66 on the joint Exhibit List – into evidence. Those include all of the photos State Farm complains were produced late. However, Plaintiffs reserve the right to offer these photographs should State Farm "open the door" by its trial presentation and, therefore, the exclusion of such photographs at present is premature. Additionally, Plaintiffs oppose this motion as to Exhibits 3-40, which were produced on May 30, 2023, and will be used to show the state of Plaintiffs' home and property after the fire. These photos establish foundational facts, do not include any extended family or animals, and are therefore not prejudicial in the least.

**OPPOSITION-MOTION IN LIMINE NO. 4**

**Exclude Evidence or Argument Regarding a Standalone Claim for Attorneys' Fees Under Section 1021.5**

State Farm's request to exclude evidence, references, testimony, or argument relating to attorneys' fees incurred by Plaintiffs, which Plaintiffs may seek under California Code of Civil Procedure 1021.5, should be denied for several reasons. Foremost, this motion should be denied as attorney's fees are not a jury issue and Plaintiffs have no intent to present this issue to the jury. The Court will address any fee request after trial.

State Farm's motion ignores that Plaintiffs' request for attorneys' fees arises under California Code of Civil Procedure section 1021.5 which provides: "Upon motion, *a court may award attorneys' fees to **a successful party*** against one or more opposing parties in any action ***which has resulted*** in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement ... are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any[.]" Cal. Code Civ. Proc. § 1021.5 (emphasis added). Attorney fees are decided by the court and warranted only after success has been achieved. *See also Robinson v. U-Haul Co. of California*, 4 Cal. App. 5th 304, 325 (2016) (a successful party may move for an award of attorney

fees ***after the rendition of a final judgment***. (emphasis added).)  As a consequence, the appropriate time to submit evidence of, and support for, the claimed attorneys' fees is after a judgment.  Simply stated, State Farm's challenge to the potential award of attorneys' fees under Section 1021.5 is unfounded and premature and should be denied.

State Farm cites *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, but that case never mentions fees under Section 1021.5.  673 F.3d 1240, 1242 (9th Cir. 2012) (discussing "Brandt fees"[4] only, which are considered damages).  State Farm cites no authority that attorney fees under Section 1021.5 implicate Rule 26 or any discovery disclosure requirement, because there is none.  Under Section 1021.5, motions for attorney fees are brought after judgment, and there is no discovery requirement.  *See Stebbins v. Gonzales*, 3 Cal. App. 4th 1138, 1146 (1992) (a motion for attorney's fees under section 1021.5 is collateral to the underlying action and may therefore be brought even after the judgment is final).  State Farm also cites *Save Our Uniquely Rural Cmty. Env't v. Cnty. of San Bernardino*, but that case supports Plaintiffs' position.  235 Cal. App. 4th 1179, 1183 (2015) (motion for attorney fees filed after litigation was a success; no mention of discovery whatsoever).

State Farm incorrectly argues that Plaintiffs failed to allocate fees, which "bars" a claim for Section 1021.5 fees.  ECF 195 at 15.  That argument is incorrect, and none of the cases cited support that assertion.  *See e.g, Pac. Grp. v. First State Ins. Co.*, 841 F. Supp. 922, 945 (N.D. Cal. 1993), rev'd, 62 F.3d 1425 (9th Cir. 1995), and rev'd, 70 F.3d 524 (9th Cir. 1995) (discussing Brandt fees only, no mention of Section 1021); *Concept Enters., Inc. v. Hartford Ins. Co. of the Midwest*, 2001 WL 34050685, at *8 (C.D. Cal. May 22, 2001) (same).

Lastly, State Farm explicitly acknowledges that its Motion in Limine does not apply to Plaintiffs' ability to seek attorneys' fees pursuant to other potential avenues, including but not limited to Federal Rule of Civil Procedure 23(h).  ECF 1955 at 12, fn 2.  As such, State Farm admits that the issue of attorneys' fees remains relevant and, therefore, there is no basis for the request for a blanket exclusion of evidence supporting Plaintiffs' request for attorney fees, which Plaintiffs will

_____

[4] *Brandt* fees are those fees attributable to the bringing of the bad faith action itself, and must be distinguished from recovery of attorney's fees qua attorney's fees.  *Brandt v. Superior Ct.*, 37 Cal. 3d 813 (1985).

not present to the jury in the first place.

## OPPOSITION-MOTION IN LIMINE NO. 5

### Preclude Evidence or Argument Re Prejudgment Interest

State Farm seeks to exclude evidence of pre-judgment interest, contending that *on the merits* Plaintiffs are not entitled to such an award.  However, motions for prejudgment interest are filed *after* there is a judgment.  Otherwise, there is no judgment to apply interest to.  *See McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1131 (9th Cir. 2004).  Additionally, such a merits-based argument is improper through this motion.  For example, a motion in limine is not the appropriate time to raise issues which could have been, and should have been, raised in a motion for summary judgment.  *Blockchain Innovation, LLC v. Franklin Res., Inc.,* 2025 WL 1002798, at *5 (N.D. Cal. Apr. 3, 2025) (Court denying motion in limine stating "[t]his motion in limine is a belated motion for summary judgment masquerading as a motion in limine.").  For the reasons stated above, State Farm is not permitted to raise such an issue now, and the Court should deny this Motion.

## OPPOSITION-MOTION IN LIMINE NO. 6

### Preclude Evidence or Argument Regarding the Court's Summary Judgment Findings of Unfairness and Unlawfulness Under the UCL

State Farm confirms that the Court ruled in Plaintiffs' favor by finding "that State Farm's practice of applying depreciation to the sales tax component of replacement cost was 'unfair' and 'unlawful' within the meaning of the UCL."  ECF 195 at 17.  State Farm's argument also tacitly concedes that the trial will exclusively focus on damages.  *Id*. ("[t]he Court's unfairness and unlawfulness findings have no bearing on any question the jury will be asked to decide at trial.") Given those rulings, according to State Farm, Plaintiffs should be precluded from telling the jury that the Court already found that State Farm's practice is prohibited and State Farm violated the law.  That argument is both impractical and legally incorrect.

In practice, refraining from telling the jury that State Farm violated the law is certain to cause significant confusion and is prejudicial to Plaintiffs and the class.  At some point, the jury must be instructed that State Farm's practice is prohibited and State Farm violated the law.  Without these uncontested facts, jurors will certainly have questions as to why they are being asked to award

"damages" on the verdict form.

From a legal perspective, explaining *the law of the case* to the jury is also the appropriate course. "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The Ninth Circuit has recognized that this doctrine promotes consistency and efficiency by preventing relitigation of settled issues within the same proceeding. Here, the Court's summary judgment ruling conclusively resolved the interpretation of section 2051(b), and found that State Farm's practices violate that law. *See* ECF 183 at 15 ("I GRANT summary judgment in favor of plaintiffs' interpretation, which entitles them to declaratory relief."); ECF 183 at 23 ("Here, because depreciating sales tax violates Section 2051(b), State Farm's practice of depreciating sales tax is 'unlawful' under the UCL.") ECF 183 at 23, fn 5. ("I find the violation of Section 2051(b) sufficient to sustain the unlawful UCL claim.") Plaintiffs should be allowed to tell the jury that the Court has already decided that State Farm's business practice violates the law.

Jury instructions resolve this issue. Jury instructions must be consistent with the law of the case. *Gulliford v. Thrash*, 8 F. App'x 766, 768 (9th Cir. 2001). Here, the Court should instruct the jury that State Farm depreciates sales tax when calculating ACV payments, and that this practice violates California law. To avoid any other confusion, the jury should also be told that they are deciding damages only.

This is consistent with Ninth Circuit precedent. *Sanchez v. City of Santa Ana*, 915 F.2d 424, 432 (9th Cir. 1990). In *Sanchez*, the Ninth Circuit stated that it was appropriate for "Sanchez's counsel to read the order granting partial summary judgment [during trial], thus focusing the jury's attention on the issue of damages on the due process claim." *Id.*

*Industrial Park Center LLC v. Star Fisheries Inc.* is also instructive. There, at summary judgment, the court ruled as a matter of law that the defendant had breached the relevant lease. 2025 WL 2558545, at *9–10 (D. Ariz. Aug. 14, 2025). The jury was instructed to accept as fact that the defendant had breached the lease. The court later rejected a motion for new trial and confirmed the instructions faithfully reflected the law of the case and reiterated that the instructions made clear that the jury was to decide damages. *Id.* The same is appropriate here. Plaintiffs should be allowed

to tell the jury during trial that State Farm depreciates sales tax when calculating ACV payments, and that business practice violates the law in California. The same information should be included in the jury instructions. These facts are the law of the case, are not prejudicial, and district courts have "substantial latitude in tailoring jury instructions." *Navellier v. Sletten*, 262 F.3d 923, 944 (9th Cir. 2001).

Plaintiffs also oppose this motion to the extent it seeks to preclude or limit Plaintiffs from discussing the law of the case during opening statements. During opening, Plaintiffs will explain the basis of their claim, that State Farm does not contest its business practices, and that the jury will be asked to determine damages. These accurate facts should not be excluded from the trial, even if Defendant does not like them. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (only unfair prejudice that substantially outweighs probative value warrants exclusion under Rule 403.)

State Farm cites *United States v. Sine*, but that case did not foreclose presenting judicial legal rulings to a jury. "Our determination that reference to facts found in a judicial opinion can unfairly prejudice a party does not mean that admission of such facts will *always* fail the balancing test of Rule 403." 493 F.3d 1021, 1034 (9th Cir. 2007); citing Hiroshi Motomura, *Using Judgments as Evidence*, 70 Minn. L. Rev. 979, 1038 (1986) ("[M]ost modern commentators would not categorically declare juries incompetent to weigh prior [judicial] determinations.") Additionally, that case focused on *findings of fact*, not legal conclusions. *Sine*, 493 F.3d at 1036; *see also Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (same); *Faigin v. Kelly*, 184 F.3d 67, 80 (1st Cir. 1999) (discussing factual findings on an undeveloped record).

## OPPOSITION-MOTION IN LIMINE NO. 7

### Preclude Evidence or Argument Suggesting a Violation of the Fair Claims Settlement Practices Regulations

Plaintiffs do not oppose this motion, unless State Farm opens the door to its "good faith" or "compliant" practices. If State Farm seeks to introduce such evidence, Plaintiffs oppose this motion as follows.

State Farm's motion is overbroad insofar as it suggests that evidence of regulatory violations is categorically inadmissible in the context of a claim under UCL. The UCL proscribes any

"unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200–17210. The unlawful prong "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." ECF 183 at 22-23, quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999). Accordingly, a violation of the Fair Claims Settlement Practices would establish both an unlawful and unfair claim under the UCL in this case. Therefore, if State Farm is allowed to contest the legality of its conduct, or asserts any arguments concerning its own "good conduct," regulatory compliance, or claims-handling propriety, Plaintiffs should be allowed to introduce evidence and argument concerning State Farm's violations of the Fair Claims Settlement Practices Regulations.[5]

State Farm's primary argument rests on *Moradi-Shalal v. Fireman's Fund Insurance Co.*, 46 Cal. 3d 287 (1988), and H*artford Accident & Indemnity Co. v. Continental National American Insurance Cos.*, 861 F.2d 1184 (9th Cir. 1988). However, these cases stand for the unremarkable proposition that Insurance Code section 790.03(h) affords no private right of action. Plaintiffs have never pleaded, and do not assert, a standalone cause of action under section 790.03(h).

Regardless, the California Supreme Court has squarely held that *Moradi-Shalal* does not immunize insurers from UCL liability. In *Zhang v. Superior Court*, the Court held that an insured may state a UCL claim where the insurer's conduct violated other laws or is independently unfair, even though section 790.03(h) itself affords no private right of action. 57 Cal. 4th 364 (2013). *Zhang* confirmed that *Moradi-Shalal's* bar is limited and does not immunize conduct actionable under other statutes. State Farm's reliance on *Moradi-Shalal* and *Hartford Accident* is therefore misplaced.

To be clear, Plaintiffs' non-opposition is expressly conditioned on State Farm refraining from introducing evidence or argument of its own good conduct, reasonableness, regulatory compliance, adherence to industry or regulatory standards, or that its claims-handling satisfied

---

[5] Contrary to State Farm's assertions, a UCL claim predicated on the Fair Claims Settlement Practices Regulations is not moot, the Court simply did the reach the issue. *See* ECF 183 at 23 n.5 ("Because I find the violation of Section 2051(b) sufficient to sustain the unlawful UCL claim, I decline to address this argument.")

California law.  If State Farm introduces such evidence, the Rule 403 calculus changes fundamentally: evidence of regulatory violations becomes materially probative to rebut State Farm's narrative, and exclusion of Plaintiffs' rebuttal evidence would leave the jury with a misleading, one-sided picture.  In short, the Court should not permit State Farm to tell the jury it complied with California law while simultaneously barring Plaintiffs from introducing evidence to the contrary.

## OPPOSITION-MOTION IN LIMINE NO. 8

**Exclude Evidence Or Argument Regarding the Unrelated CDI Enforcement Proceeding and Accusation**

Plaintiffs do not oppose exclusion of evidence regarding the California Department of Insurance's ("CDI") market conduct examination and enforcement proceeding so long as State Farm refrains from offering evidence or argument of its own good conduct, regulatory compliance, or claims-handling propriety.  Any order excluding the CDI proceeding should be symmetrical: it must equally preclude State Farm from offering affirmative evidence that regulators have approved or never criticized its practices.  Otherwise, if State Farm opens the door, Plaintiffs should be permitted to introduce the CDI proceeding.

For example, State Farm would open the door if it offers any of the following:

1. Testimony or argument that State Farm complied with California law or the Insurance Code in its handling of personal property claims;

2. Testimony or argument that State Farm's claims-handling practices are lawful, exemplary, or consistent with industry or regulatory standards;

3. Evidence or argument that regulators have approved, or never criticized, State Farm's ACV methodology or claims-handling procedures;

4. Evidence or argument that State Farm is a responsible, careful, or compliant claims handler;

5. Character or reputation evidence of good corporate conduct; or

6. Evidence or argument that State Farm has never been the subject of regulatory criticism

Accordingly, Plaintiffs conditionally oppose this motion.  *Luce v. United States*, 469 U.S. 38, 41-42 (1984) ("in limine ruling[s] [are] subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer."); *Ohler v. United*

*States*, 529 U.S. 753 (2000) (a party that introduces a subject into the trial cannot then invoke an exclusion order as a shield.)

## OPPOSITION-MOTION IN LIMINE NO. 9

### Exclude Garza Deposition

Plaintiffs intended to call Robert Garza (by deposition transcript) to establish that State Farm systematically depreciates sales tax on all claims where State Farm makes a payment on an ACV basis. Plaintiffs anticipated Mr. Garza's testimony would be necessary because State Farm did not agree to stipulate to these facts and indicated it would contest them at trial, even though Plaintiffs believed the fact had been admitted and ruled on by the Court. *See* ECF 189 at 5-7.

However, throughout its Motions in Limine, State Farm admits that State Farm engages in an illegal business practice and the Court has ruled on this issue. *See* ECF 195 at 21-22. Specifically, State Farm asserted the following:

1. "Plaintiffs here have offered Mr. Garza's testimony only to support that actual cash value estimates generated before this lawsuit applied depreciation to replacement cost (including sales tax), a practice both the Court and plaintiffs acknowledge is 'admitted' and 'not disputed.'"

2. "Plaintiffs cannot describe a fact as undisputed to obtain summary judgment and then present evidence of the same fact to the jury as though it remained contested."

3. "Testimony that proves only an established, uncontested fact does not make any fact of consequence at trial more or less probable."

4. "Evidence offered to prove a conceded and adjudicated point is the paradigm of 'needlessly presenting cumulative evidence.'"

5. "Reading liability-focused testimony *invites jurors to believe that State Farm's practice remains contested* and that their task includes deciding whether the practice occurred or was wrongful. That confusion carries a real risk of unfair prejudice*: dwelling on the mechanics of a practice already found unlawful* serves no purpose other than to inflame the jury against State Farm on an issue it will not decide, at the expense of the injury and damages questions it must decide."

*See* ECF 195 at 21-22 (emphasis added).

Based on the admissions above, State Farm argues that Mr. Garza is unnecessary as he will testify regarding an uncontested fact. Accordingly, if State Farm stipulates that it systematically depreciates sales tax on all claims where State Farm makes a payment on an ACV basis, and the

Court found that practice unlawful, Plaintiffs will not read Mr. Garza's deposition transcript. Absent such an agreement, which State Farm refused when preparing the joint pretrial conference statement (ECF 189 at 5-7), Plaintiffs intend to read the relevant passages of Mr. Garza's deposition. State Farm asserts no other objections nor makes any other argument as to the relevance, admissibility, or use of Mr. Garza's deposition transcript. Accordingly, the testimony should not be excluded, unless State Farm stipulates.

## OPPOSITION-MOTION IN LIMINE NO. 10

### Exclude Claims Administrator, Cameron Azari

State Farm's Motion in Limine No. 10 seeks to exclude claims administrator, Cameron Azari, from testifying at trial based on numerous incorrect assumptions and speculation. For example, State Farm incorrectly assumes that Mr. Azari will provide *expert* testimony to:

1. "assuage the jury into being comfortable awarding a *multi-million dollar* verdict against State Farm without Plaintiffs meeting their burden at trial;"

2. convince the jury that "Azari can sort everything out 'on the back end' and effectively do the jury's job for them";

3. and that "Azari will 'do the right thing' and that [the jury] can leave it to him to decide whether, even if a class member was injured and had damages, one of State Farm's affirmative defenses applies to bar liability."

ECF 195 at 24.

These claims are speculative and unfounded. As Plaintiffs explained to State Farm during meet and confers, Mr. Azari is being called as a *rebuttal* witness (not an expert) to counter the improper assertions by State Farm that unharmed class members will receive money damages (if the jury awards damages). If State Farm does not, or is precluded from, raising these arguments, Plaintiffs will not call Mr. Azari as a witness. However, if State Farm does raise these speculative arguments about the claims process, Plaintiffs should be permitted to call Mr. Azari to explain to the jury how the anticipated claims administration process will work in this case, and how the process is designed to prevent any uninjured individuals from receiving damages.

Specifically, Mr. Azari will explain that class members in this case must submit a claim, which the administrator reviews and then tentatively approves or denies based on the claimant's

individual circumstances and evidence of damages (as awarded by the jury). Mr. Azari will then explain that those administrative decisions will be provided to the parties and State Farm will have an opportunity to review the claims and decisions and even have an opportunity to challenge a claim if warranted. The testimony will confirm that Mr. Azari is not making any decisions that the jury must decide. He is simply administering a claims process as he has in hundreds of other class action cases. ECF 179. In short, Mr. Azari's testimony is essential to rebut State Farm's unfounded assertions and speculation that ineligible individuals, or fraudulent claims, will receive any damages awarded by the jury. Accordingly, if State Farm is permitted to speculate and argue that ineligible class members may receive damages, Plaintiffs should be allowed to call Mr. Azari to rebut that.

State Farm's remaining arguments rely on inapposite case law. First, State Farm cites *In re Vaxart, Inc. Sec. Litig.*, 824 F. Supp. 3d 971, 980 (N.D. Cal. 2026), which is plainly distinguishable. There, this Court precluded evidence about "the nature of modern class action litigation, including class counsel's practices and the procedural history of the case." *Id*. Here, Plaintiffs seek to call Mr. Azari to testify about the claims administration process—not about this class action litigation generally—and only in direct response to State Farm's arguments.

State Farm relies on *Roes, 1-2 v. SFBSC*, 944 F.3d 1035, 1043 (9th Cir. 2019), and *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–77 (1974), for the proposition that Rule 23(c)(2) governs class notice, and *Unicolors, Inc. v. H&M*, 52 F.4th 1054, 1072–73 (9th Cir. 2022), and *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–07 (9th Cir. 2001), for the proposition that experts must be disclosed. Neither line of authority is relevant here. Plaintiffs do not dispute that the adequacy of class notice is a question for the Court and have never argued otherwise. Nor have Plaintiffs designated Mr. Azari as an expert; he is a rebuttal witness that Plaintiffs will call if State Farm makes incorrect arguments about the claims process or speculate about individuals who might submit claims. Additionally, contrary to State Farm's assertions, Mr. Azari, as a rebuttal witness, was not disclosed late. *See* Fed. R. Evid. 403; Fed. R. Civ. P. 26(3)(B) (timely disclosure of rebuttal witness if made at least 30 days before trial.)

Third, State Farm cites *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 366–67 (2011), *In re Asacol*, 907 F.3d 42, 57 (1st Cir. 2018), *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1274–75 (11th

Cir. 2019), and *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 311 (5th Cir. 1998). These cases were cited based on a misunderstanding of Plaintiffs' position. Plaintiffs are not asking Mr. Azari to decide whether any of State Farm's affirmative defenses bar liability, or to make any determinations as to the merits of either party's claims. Those issues will properly be decided by the jury or the Court.

Finally, State Farm cites *United States v. Sullivan*, 2022 WL 3716594, at *4 (N.D. Cal. Aug. 28, 2022), to argue that Mr. Azari's testimony would confuse the jury and be unduly prejudicial. This argument is misplaced. In *Sullivan*, the Court held that it was inadmissible whether a prior incident required a disclosure under California law, but the underlying facts were admissible and relevant. *Id*. at *10. Here, Mr. Azari's proposed rebuttal testimony—describing the claims administration process generally—is relevant and precisely the kind of testimony this Court in *Sullivan* found probative. In sum, Mr. Azari's testimony, if necessary to rebut State Farm's arguments about class ineligibility and claims fraud, should not be excluded.

## OPPOSITION-MOTION IN LIMINE NO. 11

### Permit Testimony of Attorney Jack Weaver if Needed

State Farm asks for advance leave to subpoena Plaintiffs' class counsel, Jack W. Weaver, to authenticate documents drawn from State Farm's own claims system. The request is unnecessary and improper, and it should be denied.

As explained in Plaintiffs' motion in limine No. 11, calling class counsel to authenticate irrelevant documents that State Farm can authenticate is inappropriate and prejudicial. *See* ECF 194 at 23. State Farm concedes the point that defeats its own motion: it states that "State Farm's witness will provide testimony at trial supporting their admissibility as business records if needed." Its custodian, Donna Blazewich, has already declared that the settlement and release agreements are maintained in ECS and specific examples were "true and correct copies." ECF 164-2 ¶¶ 2-4, 39. During meet and confer, State Farm could not articulate why class counsel is needed to authenticate State Farm's own records. The Court should deny the motion for this reason alone.

The motion fails for four additional reasons: State Farm cannot satisfy the heightened showing required before compelling testimony from opposing counsel; the advocate-witness rule

and the attorney-client privilege bar the testimony; the underlying agreements are not properly before the jury; and Rule 403 independently requires exclusion. *See* ECF 194 at 23-25.

**State Farm Cannot Make the Heightened Showing.** Courts in this District apply a heightened standard before permitting testimony from opposing counsel. A party seeking such testimony must show that no other means exist to obtain the information, that the information is relevant and nonprivileged, and that it is crucial to the case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). State Farm fails each element. As stated above, State Farm could call its own employees to authenticate its records. A party cannot manufacture a need for opposing counsel's testimony by choosing a circuitous route to authentication when its own custodian is available.

**The information is neither shown to be nonprivileged nor crucial.** State Farm has not identified a single specific, nonprivileged question it needs to ask Mr. Weaver. His knowledge of the negotiation, execution, and scope of his former clients' settlements is entangled with attorney-client communications and work product, including counsel's judgment about what claims were released and preserved. The prospect of repeated privilege objections before the jury is itself a reason to deny leave. State Farm's reliance on *ATS Products, Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527 (N.D. Cal. 2015), and *Massachusetts Mutual Life Insurance Co. v. Cerf*, 177 F.R.D. 472 (N.D. Cal. 1998), is misplaced; those cases concerned counsel's percipient knowledge of prior concluded matters and still required a genuine showing of need that is absent here.

**The Advocate-Witness Rule Bars the Testimony.** Rule 3.7 of the California Rules of Professional Conduct, applicable in this District through Civil Local Rule 11-4(a)(1), provides that a lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness, absent narrow exceptions and informed written consent. The rule reflects a structural concern that no limiting instruction can cure. The Ninth Circuit has recognized the risks that arise when a trial attorney takes the stand, including the jury's difficulty separating counsel's testimony from counsel's argument. *United States v. Prantil*, 764 F.2d 548 (9th Cir. 1985); *see Hickman v. Taylor*, 329 U.S. 495 (1947).

The harms are acute here. Mr. Weaver is class counsel and owes duties to every absent class member. If State Farm may call him as an adverse witness, his credibility becomes a trial issue, and

the jury will see Plaintiffs' own attorney testifying at the defendant's behest. Sidelining or disqualifying him would prejudice the certified class by depriving it of counsel who has litigated this case from its inception.  State Farm should not gain that tactical advantage by listing opposing counsel as a witness, least of all when its own witness can provide the same testimony.

**The Underlying Agreements Are Not Properly Before the Jury.**  The foundation dispute is academic because the settlement and release agreements are not admissible in this class damages trial.  State Farm did not produce the information timely, and has not established what the agreements released, whether they concerned the same sales-tax depreciation injury, whether they bind absent class members, or how they would alter the class-wide damages calculation; they are therefore irrelevant under Federal Rules of Evidence 401 and 402.  Rule 408 separately bars the use of compromise evidence to prove or disprove the validity or amount of a disputed claim. And any genuine release issue, at best, is a claimant-specific question for claims administration or another Court-approved post-verdict procedure, not for the class-wide damages trial.  *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014); *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015); *Nitsch v. DreamWorks Animation SKG Inc.*, 315 F.R.D. 270 (N.D. Cal. 2016).

**Rule 403 Independently Requires Exclusion.**  The probative value of the proposed testimony is minimal—duplicative foundation for documents of contested relevance that State Farm's own witness can authenticate—and the dangers are severe.  The jury would attach undue significance to seeing the class's own counsel sworn as an adverse witness, which is precisely the "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" that Rule 403 guards against.  *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Jurors may also conflate Mr. Weaver's role in unrelated concluded claims with his role here, and any examination would spawn mini-trials over the settlement context and the scope of each release, consuming trial time on collateral matters.  No limiting instruction can cure that prejudice.

## OPPOSITION-MOTION IN LIMINE NO. 12

### Permit Jay Thrope to Testify Remotely

As stated in the joint pretrial statement, Plaintiffs do not oppose the *request*, and will not

object to a *virtual*[6] appearance if acceptable to the Court. *See* ECF 189 at 7. Therefore, State Farm's statement that "Plaintiffs previously agreed to this request but, on the evening of July 27, 2026, advised that they do not stipulate to it" is inaccurate. *See* ECF 195 at 25.

What Plaintiffs did oppose was the argument that State Farm insisted on adding to the joint pretrial statement in the "Stipulation" section. Stipulations rarely include one-sided arguments or case citations, and Plaintiffs did not agree to that here. *See* ECF 198 at 7:22-8:17. To be clear, Plaintiffs did not stipulate to any of the argument, assertions, or cases cited in the "State Farm's Position" part of the joint statement, which State Farm refused to remove. ECF 189 at 8.

Plaintiffs do note that Mr. Thorpe was deposed and his deposition was recorded by video. From Plaintiffs' position, his deposition video would suffice at trial. Therefore, if the Court were unable or reluctant to grant State Farm's request for a virtual appearance (by video and audio), the parties would have the deposition transcript and video as a suitable alternative.

**CONCLUSION**

Plaintiffs respectfully request that this Court deny State Farm's Motions in Limine for reasons stated above.

Respectfully submitted,

Dated: August 3, 2026

**COTCHETT, PITRE & McCARTHY, LLP**

*/s/Tyson C. Redenbarger*

FRANK M. PITRE
TYSON C. REDENBARGER
ANDREW W. BRITTON
GIA JUNG

**WEAVER CURRIE, PC**
Jack W. Weaver
3554 Round Barn Blvd, Suite 300
Santa Rosa, CA 95403
Tel: (707) 433-4842

---

[6] Plaintiffs understand "virtual" to be video and audio testimony so that witness can be both heard and seen by the court, parties, and the jury, and which allows for cross-examination.

PLAINTIFFS' OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE NOS. 1-12     24
Case No. 3:23-cv-00924-WHO

**MURRAY LAW FIRM**
Stephen B. Murray, Jr.
Thomas M. Beh
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Tel: (504) 525-8100

*Attorneys for Plaintiffs Melissa Pitkin and Dan Grout and the Class*